**In re Peter Lewis TASHMAN, Debtor.**

**Bankruptcy No. 81–00122.**

United States Bankruptcy Court,
D. Vermont.

July 13, 1981.

James S. Anderson, Barre, Vt., of the office of Joseph C. Palmisano, Barre, Vt., for debtor.

## MEMORANDUM AND OPINION

CHARLES J. MARRO, Bankruptcy Judge.

The above-named debtor filed a Voluntary Petition Under Chapter 13 of the Bankruptcy Code and listed the following obligations in his Schedules:

| | |
|---|---|
| Priority Debts for Taxes | $ 5,400.00 |
| Unsecured Claims without priority | $ 99,240.49 |
| Secured Debts | $116,000.00 |

With such filing two issues were raised:

1. Whether the Debtor was eligible to file under Chapter 13 as an individual with less than $100,000.00 in unsecured debts. (Priority and unsecured claims total $104,-640.49.)

2. In the event that he was not an eligible Debtor for Chapter 13, could the Court dismiss the Petition sua sponte?

█ The Debtor through his attorney, James S. Anderson, Esquire, of the office of Joseph C. Palmisano, Esquire, argued that the Debtor was eligible for Chapter 13 by virtue of § 1322(a)(2) which prescribes that the Plan shall provide for full payment in deferred cash payments of all claims entitled to priority under § 507 of this Title.

Since priority creditors must be paid in full under this section, he contends that priority creditors are in a better position than secured creditors for all practical purposes and, therefore, should not be characterized as general unsecured creditors.

This argument falls from its own weight in that § 507(a)(6) defines claims for taxes entitled to priority as "*unsecured* claims of governmental units."

The Debtor further argues that the Court may not dismiss the Petition on its own initiative in view of § 1307(c) of the Code which provides that *on request of a party in interest* and after notice and a hearing, the Court may convert the Chapter 13 to Chapter 7 or may dismiss a case under Chapter 7 of this title. This court has some reservations as to the intent of § 1307(c) but, in any event, it concedes that the general spirit of the Bankruptcy Code as enacted is that the Bankruptcy Court should not generally take any action in a proceeding except upon request of a party in interest. "Sua sponte" is not as readily available under the Code as it was under the Bankruptcy Act of 1898.

█ It is noted, however, that under § 1325(a) the Court shall confirm a plan if the plan complies with the provisions of Chapter 13 and with all applicable provisions of Title 11. Therefore, if the debtor is not eligible under Chapter 13 the plan cannot be confirmed. 5 Collier 15th Edition 1325–4 § 1325.01(ii) reading as follows:

"A Chapter 13 plan must not only comply with all provisions of Chapter 13 in order to qualify for confirmation under section 1325(a)(1), it must also comport with all other applicable provisions of the Bankruptcy Code, including particularly chapters 1, 3 and 5. By way of example, a plan filed in a chapter 13 case commenced involuntarily under section 303 or voluntarily commenced by an entity other than an individual with regular income, or by an individual with regular income who is not an eligible debtor either under title 11 or under chapter 13 cannot be confirmed."

Under Chapter 13 an eligible debtor is defined as one having less than $100,000.00 in unsecured debts and less than $350,000.00 in secured debts.

Since the debtor is not eligible and the plan cannot be confirmed, it would be futile for him to continue under Chapter 13.

§ 1307(d) permits the Court to redirect the debtor into Chapter 11 before confirmation where appropriate. 5 Collier 15th Edition 1307–8 § 1307.01.

Accordingly, the Debtor may, in lieu of risking non-confirmation under Chapter 13, convert to Chapter 11 within 30 days from the date of this Memorandum.