**In re Robert L. CARSON, Debtor.**

**Bankruptcy No. 82–01791–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida.

July 21, 1983.

Linda A. Conahan, Reggie D. Sanger, Fort Lauderdale, Fla., for creditor.

Richard W. Smith, Fort Lauderdale, Fla., for debtor.

Herbert Freehling, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on to be heard upon LANDMARK FIRST NATIONAL BANK OF FORT LAUDERDALE's (hereinafter LANDMARK) Motion to Dismiss or Convert the Chapter 13 filed by the Debtor, ROBERT L. CARSON, and the Court having heard the testimony and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

This Court has jurisdiction of the parties and the subject matter hereto.

The Debtor originally filed a Petition under Chapter 7 of the Bankruptcy Code on September 14, 1982. On or about April 25, 1983, the Debtor filed a Notice of Conversion to a Chapter 13 bankruptcy under the Code. LANDMARK filed a Motion to Dismiss or Convert the case back to Chapter 7 on the basis that the Debtor did not meet the qualifications required under the Code for filing a Petition under Chapter 13 in that (a) he was not a wage earner with regular income and (b) he has unsecured debts in excess of $100,000.00. LANDMARK additionally alleged that the Debtor filed a conversion to a Chapter 13 in bad faith, the sole purpose of his conversion being to avoid this Court's Final Judgment denying his discharge entered April 14, 1983, in Adversary No. 83–0059–BKC–SMW–A

LANDMARK filed a proof of unsecured claim in the amount of $221,135.95. The Debtor disputed the amount of this claim

alleging that he only owes LANDMARK approximately $40,000.00 in unsecured debt.

At a preliminary hearing on May 25, 1983, the Court ruled that in order to determine LANDMARK's Motion to Dismiss or Convert an evidentiary hearing must be held wherein the Court would determine the amount of unsecured indebtedness owed to LANDMARK by the Debtor. That hearing is the subject of these findings of fact and conclusions of law.

Based upon the testimony of the Debtor, the Court finds that Debtor is employed and is a wage earner with regular income and was so at the time of filing the Chapter 13 conversion.

The bank produced and admitted into evidence documentation representing seven (7) loan transactions with LANDMARK. In all but one instance, the documentation showed ROBERT CARSON signing as maker, co-maker or guarantor. The uncontradicted testimony presented by the bank's handwriting expert showed that ROBERT CARSON did in fact sign three (3) names which were not his own on bank documents, specifically, Hymen Schwartz, Richard Albertson and James Sheil. The handwriting expert further testified that the guaranties of the Schwartz and Albertson loans appearing to be signed by BOB CARSON were also the signature of the Debtor. The uncontradicted testimony and evidence presented by the bank further shows that each of the loans was funded to or for the benefit of the Debtor.

Even though the Debtor failed to either directly admit or deny his signatures, his testimony during 205 examination admitted that he received the proceeds of all loans except those signed in fictitious names. The uncontradicted testimony produced by the bank showed that the proceeds of the fictitious loans were also received by or for the benefit of the Debtor. The loan proceed checks themselves and other checks payable to or for the benefit of the Debtor, together with testimony, showed that some of the proceed checks were deposited into the Great American Bank of Davie, and an officer of that bank indicates that the accounts to which they were deposited were controlled by the Debtor and used by the Debtor or for the benefit of the Debtor. The evidence and testimony further showed that other loan proceed checks and checks from the cashier's check float were deposited into various accounts of the Debtor or accounts for entities controlled by the Debtor or were endorsed by the Debtor and cashed out. There was no contradictory evidence of any kind presented by the Debtor.

The bank officer testified that each of the loans presented is in default, that any collateral available to the bank has been disposed of and credited against the Debtor's accounts and that interest has properly been figured through September 14, 1982, which was the date of the filing of the Petition in bankruptcy. Based upon the evidence presented, the Court finds that ROBERT CARSON is the maker, co-maker or guarantor as represented in the documentation taken into evidence on each of the notes presented by LANDMARK in this hearing. The Court further finds that each of the notes is in default and that the amounts testified to by the bank as due and owing with interest through the date of the filing of the Petition are the amounts validly owed to the bank by the Debtor. The Court finds that ROBERT L. CARSON owes LANDMARK in unsecured debt a total of $221,135.95.

Based upon the foregoing facts, the Court finds that the Debtor is not qualified pursuant to § 109(e) of the Bankruptcy Code to file a Chapter 13 Petition in that his unsecured debt exceeds $100,000.00. Having made this finding, the Court need not rule upon the bank's allegation that the conversion was filed in bad faith.

The Debtor's Chapter 13 Petition is hereby converted back to a Chapter 7 Petition under the Bankruptcy Code. A separate order will be entered in accordance with these findings of fact and conclusions of law.