In re Max Lester ANDERSON and Linda Katherine Anderson, Debtors.

Bankruptcy No. 485–00022.

United States Bankruptcy Court,
D. South Dakota.

Aug. 15, 1985.

John L. Wilds, Sioux Falls, S.D., for movant First Bank of South Dakota, N.A.

Douglas R. Kettering, Hosmer, Kettering & Schmidt, Yankton, S.D., for debtors/respondents Max Lester Anderson and Linda Katherine Anderson.

### MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

This case is before the Court on a motion to convert from a case under Chapter 13 to a case under Chapter 11 filed by Attorney John L. Wilds on behalf of First Bank of South Dakota, N.A., Vermillion, South Dakota. A hearing on the motion was held on August 2, 1985, and, after hearing the testimony of the debtor, Mr. Anderson, and the arguments of counsel, and receiving certain exhibits, the Court took the matter under advisement.

The debtors filed a Chapter 13 petition on January 17, 1985. Mr. Anderson is a director of lab services at a hospital and a farmer; Mrs. Anderson is a medical technician. According to the debtors' schedules, they engaged in a partnership farming operation with Harold and Karen Fletcher. The Fletchers have filed a Chapter 11 petition. The partnership is not in bankruptcy. The Andersons have listed in their schedules $387,611.98 in secured debts and $98,088.40 in unsecured debts. These amounts include some of the partnership debts. The debtors have proposed a plan which would provide for payment of a portion of those partnership debts, which would bring the total amount of secured debts to be paid by the debtors below $350,000. By agreement with the Fletchers, the other portion of the

partnership debts is listed in the Fletchers' Chapter 11 schedules.

First Bank argues that the case should be converted for two reasons. First, that, according to the debtors' schedules, they do not qualify for Chapter 13 relief because their debts exceed the Code's dollar amount limitations; and, second, that a portion of the secured debt in the case is partnership debt and that, because the other partner is in Chapter 11, it would be more appropriate to administer the cases jointly and in a uniform manner. The debtors' response is that, as long as the portion of the partnership debt that the Andersons agree to pay falls within the debt limits allowed for a Chapter 13 case, the debtors qualify for Chapter 13 relief. They also argue that the Andersons and Fletchers each have other debts in addition to the partnership debts, which makes the cases inappropriate for joint administration.

 After careful consideration of all the files and pleadings, exhibits, testimony, and arguments of counsel, the Court will grant First Bank's motion and convert the case from Chapter 13 to Chapter 11. Eligibility for Chapter 13 relief is set out in 11 U.S.C. § 109. To qualify for Chapter 13 relief, a debtor (or the debtor and spouse) must have unsecured debts that, in the aggregate, are less than $100,000, and secured debts that, in the aggregate, are less than $350,000. When the debtors' schedules, on their face, reveal debt liability in excess of these amounts, the Court cannot allow the debtors to proceed in Chapter 13 without some compelling reason to do so. It is clear from the schedules, the exhibits, and the applicable South Dakota statutes that the debts referred to as "partnership debts" are debts for which each partner is jointly liable. S.D.C.L. §§ 48–2–1, 48–2–10, 48–2–11. Any division of debt responsibility on the debtors' schedules is wholly voluntary as to each partner, contrary to the South Dakota statutes regarding limited partnerships, S.D.C.L. chs. 48–1, 48–5, 48–6, and results in an artifice contrived to satisfy the bankruptcy filing requirements. The Court cannot permit these partners to defeat the creditors' rights to collect from both partners jointly on the whole debt by filing in such a manner.

Congress obviously anticipated informal partnership situations such as these when it drafted Section 109. The legislative history is helpful in this regard:

Whether a small business operated by a husband and wife, the so-called "mom and pop grocery store," will be a partnership and thus excluded from chapter 13, or a business owned by an individual, will have to be determined on the facts of each case. Even if partnership papers have not been filed, for example, the issue will be whether the assets of the grocery store are for the benefit of all creditors of the debtor or only for business creditors, and whether such assets may be the subject of a chapter 13 proceeding. The intent of the section is to follow current law that a partnership by estoppel may be adjudicated in bankruptcy and therefore would not prevent a chapter 13 debtor from subjecting assets in such a partnership to the reach of all creditors in a chapter 13 case. However, if the partnership is found to be a partnership by agreement, even informal agreement, then a separate entity exists and the assets of that entity would be exempt from a case under chapter 13.

Notes of Committee on the Judiciary, House Report No. 95–595, 95th Cong., 1st Sess. 318–20 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6275.

 In the instant case, it appears that the primary cause of financial difficulty for both the Fletchers and the Andersons is the partnership farming operation. The partnership should probably be in bankruptcy as well, but that is a decision that can only be made by those who make up the partnership and their counsel. Under the facts as presented here, where the partners want to deal with the partnership debts in their individual capacities, the Court must order the conversion to Chapter 11.

The Court, in a previous proceeding, refused to grant the motion of First Bank to

534

consolidate the Andersons' Chapter 13 case and the Fletchers' Chapter 11 case for two reasons. First, there is no statutory authority under Bankruptcy Rule 1015(a) to consolidate cases involving three separate entities. Second, although Rule 1015(b) does allow the joint administration of cases when that would be beneficial to the parties involved, joint administration of estates created under different chapters of the Code would not be possible. Each chapter has different purposes and methods of administration—the very reasons for having different options available to debtors when they choose to file bankruptcy.

This Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ.P. 52. Counsel for First Bank is directed to submit a proposed Order and Judgment, consistent with the Court's Findings of Fact and Conclusions of Law and in accordance with Bankr.R.P. 9021, to the Clerk of this Court forthwith.