**In re Anastasios TATSIS and Sophia Tatsis, SSN 237–86–2238, 245–92–6651, Debtors.**

**Bankruptcy No. C–B–86–585.**

United States Bankruptcy Court,
W.D. North Carolina,
Charlotte Division.

April 29, 1987.

---

R. Scott McCutcheon, Charlotte, N.C., for debtor.

Richard H. Tomberlin, Thomas C. Ruff, Charlotte, N.C., for NCNB National Bank.

James H. Morton, Charlotte, N.C., for Fadels, Inc.

A. Burton Shuford, Charlotte, N.C., for Ind-Com Electric Co.

## MEMORANDUM OF OPINION AND ORDER

MARVIN R. WOOTEN, Bankruptcy Judge.

THIS CASE came before the Court upon motion of NCNB National Bank (Movant) for reconsideration of an order converting this case from Chapter 13 to Chapter 7. The parties appearing against the motion included the Trustee, the Debtors, and two unsecured creditors, Fadels, Inc. (Fadels) and Ind-Com Electric Company (Ind-Com). Movant presents two issues for determination by the Court. The first of these issues involves the provisions of Code Section 1307(b). Do the Debtors have a right under this section to automatic dismissal when there is a motion to convert the case from Chapter 13 to Chapter 7? The second issue involves the limitations set out in Code Section 109(e). Does the Court have jurisdiction over a Chapter 13 case when the Debtors' debts exceed the limitations set out in Section 109(e)?

The procedural history of this case is quite complicated, and for that reason the Court has attached an appendix to this Order setting out this history. With the full procedural history attached, it is only necessary to briefly summarize the facts. The Debtors in this case filed a Chapter 13 case. The creditors challenged the filing claiming that the debts exceeded the limitations of Section 109(e). The Court determined that the creditors were correct and denied confirmation. A creditor then filed a motion to convert and subsequently the Debtors filed a motion to dismiss. Thereafter, the Court converted the case from Chapter 13 to a Chapter 7 case. At the hearing on conversion, the Debtors withdrew their motion to dismiss.

Movant is a judgment creditor. It obtained its judgment within 90 days prior to date of the filing of the Chapter 13 case. This judgment, to the extent of its validity, attached to real property belonging to the Debtors. If this Court were to determine that the case had been dismissed or that there was no jurisdiction by the Court over this case, the opportunity to attack the

judgment as a preference in any subsequent proceeding would be lost.

■■■ Movant first argues that the case was dismissed in accordance with Section 1307(b) at the time the Debtors filed their motion to dismiss. It argues that no motion to dismiss by the Debtors is required. Rather, the Debtors need only give notice of dismissal and the case then is deemed dismissed. The Court agrees with the second proposition. Nothing else appearing, the Debtors under Section 1307(b) could have dismissed simply by giving notice. However, the Court cannot agree with the first proposition set forth by Movant. The reason for this is the fact that a motion to convert was pending at the time of the motion for dismissal. The Court believes that the Debtors' right to dismiss the case automatically under Chapter 13 is limited when a motion to convert is pending. When a motion to convert is filed, the Court is placed in a position of having to make a determination in the best interest of all concerned as to whether or not the case should be converted, continued, or dismissed. The Debtors' attempt to dismiss the case after the motion for conversion is filed can only be a request of the Court to dismiss, which the Court can either grant or not grant. In this case, it was clearly in the best interest of this estate and of the Debtors that the case not be dismissed. The Debtors recognized this and withdrew their motion to dismiss. Upon reconsideration, it is the opinion of the Court that the Debtors' motion to dismiss did not result in an automatic dismissal of the case.

A more troublesome issue is raised by Movant's argument that the Court was without jurisdiction over this entire case. Movant argues forcefully that the Debtors cannot convert the Chapter 13 case, as filed, to a Chapter 7 case, as they were not debtors under Title 11. It cites for this proposition the provisions of 11 U.S.C. § 301. This section provides: "A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter. Movant cites as authority for this proposition the decision in the case *In the Matter of Wulf,* 62 B.R. 155 (Bkrty.D.Neb. 1986). The Court finds this decision to be well reasoned and thought-provoking, but cannot agree with its conclusion. This Court feels that the court in the *Wulf* case reached its decision in a very mechanical manner which ignores the intent of Congress and could result in manifest harm to debtors and creditors alike.

■ The filing of a petition pursuant to Title 11 of the United States Code invokes the responsibility of the Court to view the case as filed from the standpoint of the estate, the creditors and the debtors. When the entire scope of the Code, the Bankruptcy Rules of Procedure, which have been promulgated by the Supreme Court and approved by the Congress of the United States, and the Official Forms, which also have been promulgated by the Supreme Court and approved by Congress, are viewed in their entirety, it is clear that a debtor files for relief under Title 11 of the Code. Rule 1002 directs that a voluntary case is commenced by the filing of a petition conforming substantially to Official Form No. 1. Paragraph 3 of such form provides "Petitioner is qualified to file this petition and is entitled to benefits of Title 11, U.S. Code as a voluntary debtor." The debtor then seeks relief under a specific Chapter of the Code in Paragraph 4 of Official Form No. 1. A debtor qualified for relief under Title 11 may, in fact, not be eligible for relief under a specific chapter.

■ Movant argues that in the event a debtor files a petition pursuant to Title 11, but chooses a chapter for which he is not qualified, then there is no jurisdiction of any kind or type in the court and the filing is a nullity. This argument is incorrect. The Court believes that such a reading would be contrary to congressional intent. Filing of a case under Title 11 establishes jurisdiction in this Court in accordance with 28 U.S.C. §§ 1334 and 157. It gives the Court the right and authority to administer the case in accordance with the Bankruptcy Code.

This view is butressed by an overview of the various chapters of the Code and the avenues and devices established by Congress to dismiss or move the case between chapters, both on motion of the Court and on the motion of the debtors or creditors. These statutory devices are contained in the following sections of the Code: §§ 706, 349, 707, 1112, 1307, 1208, 927 and in Rule 1017. When viewed in their entirety they establish congressional intent that the case should be administered in accordance with the Code provisions under the chapter which is in the best interest of the estate, the debtors and creditors.

This Court is not alone in its opinion as to the right and authority of bankruptcy courts to order conversion in cases of this type. At least eleven cases have been cited by briefs submitted by opposing parties supporting the position that this case may be converted. These cases are as follows:

*In re Glazier*, 69 B.R. 666 (Bkrty.W.D. Okla.1987);

*In re Anderson*, 51 B.R. 532 (Bkrty.D.S. Dak.1985);

*In re Bobroff*, 32 B.R. 933 (Bkrty.E.D. Pa.1983);

*In re Norman*, 32 B.R. 562 (Bkrty.W.D. Mo.1983);

*In re Carson*, 32 B.R. 27 (Bkrty.S.D.Fla. 1983);

*In re Tashman*, 13 B.R. 549 (Bkrty.D. Ver.1981);

*In re Walters*, 11 B.R. 567 (Bkrty.S.D.W. Va.1981);

*In re Kelsey*, 6 B.R. 114 (Bkrty.S.D.Tex. 1980);

*In the Matter of Prince*, 5 B.R. 432 (Bkrty.W.D.N.Y.1980);

*In re Mozer*, 1 B.R. 350 (Bkrty.D.Colo. 1979);

*In re Wilson*, 9 B.R. 723, 3 C.B.C.2d 912 (Bkrty.E.D.N.Y.1981).

Unfortunately, none of these cases has addressed specifically the issue set out in *Wulf* dealing with § 301. However, it is beyond belief that the judges considering this question did not consider and have the opportunity to determine the applicability of § 301. The overwhelming weight of authority is thus squarely in favor of allowing conversion in this type of case. Indeed,

the injustice which could be wrought by not following this line of decision is very clear.

Following the decision reached in *Wulf*, a debtor would be allowed the opportunity to file a Chapter 13 plan, delay the creditors, benefit from the provisions of Title 11, and yet never be subject to the jurisdiction of a bankruptcy court. Certainly at some time or another such a debtor would be deprived of these benefits, but it is conceivable that this could be a considerable period of time. A debtor wishing to allow the time on a preference to run in order to bar recovery would be well advised to file a Chapter 13 case under this scenerio. The debtor could file, knowing that the court did not have jurisdiction, but also knowing that one, two or three months might go by before he would be deprived of the benefits of Title 11. During this time lapse, the period in which a trustee in a subsequent case could recover a preference would run and all creditors would suffer the detriment therefrom.

The *Wulf* approach also has the potential to harm many debtors in cases now pending in this Court, as well as other bankruptcy courts throughout the country. There are many instances in which Chapter 13 cases are filed where the qualifications of the debtor under § 109(e) might be called into question. In such a case, when no issue is raised by a party in interest, the case will be administered pursuant to Chapter 13. Can someone then come one, two, or three years after confirmation and question the jurisdiction of the court? Can a creditor sue a debtor after his discharge in Chapter 13, alleging that the bankruptcy court never had jurisdiction? These are questions that Congress never intended this Court or any other bankruptcy court be required to answer.

The motion to convert this case was heard only after notice was given to all parties in interest. This included Movant. Movant did not file a timely appeal to the order of conversion.

Upon full reconsideration of the issues raised by Movant, it is the opinion of the Court that this case is properly before the Court and that the order of conversion in

this case was correctly entered. Therefore, the Court denies the relief requested by Movant and, it is

SO ORDERED.

### APPENDIX

1. On June 10, 1986, the Debtors filed a Chapter 13 petition under case No. C–B–86–00585

2. On July 1, 1986, one of the creditors, Fadels filed an objection to confirmation under 11 U.S.C. § 1324.

3. On July 9, 1986, the Trustee filed a motion to dismiss based on the failure of the Debtor, Anastasios Tatsis, to appear at the 341(a) meeting of creditors that was scheduled for July 2, 1986.

4. The Court entered a memorandum order on July 28, 1986 denying the Trustee's motion to dismiss and providing that the 341(a) meeting was to be continued until August 6, 1986.

5. By order entered by the Court on August 4, 1986, the objection to confirmation by Fadels, Inc. was continued until August 29, 1986 at 9:30 a.m. for hearing.

6. On August 8, 1986, Ind-Com, a creditor filed an objection to confirmation and motion to dismiss Debtor's Chapter 13 plan.

7. On August 29, 1986, the motions of Fadels, Inc. and Ind-Com Electric Company were heard by the Court. Confirmation of the Debtors' Chapter 13 plan was denied. A Court Proceeding Memo, completed by the Deputy Clerk of Court, shows the notations, "no jurisdiction due to amount. Dismissed—Morton to do order." The Court's notes show that confirmation was denied and that the Court had a serious question as to whether the case should be dismissed or converted.

8. On September 16, 1986, Fadels filed a motion to convert to a Chapter 7 case. It set out as its basis, among other things, the desire by Fadels to have the judgment filed by NCNB to be set aside as preferential. Fadels stated in its motion that if the plan is dismissed instead of converted, the preference period would expire and the judgment debt owed to NCNB by the Debtors would remain a lien on the property of the Debtors. The motion by Fadels asked the Court to find that a conversion to a Chapter 7 case would be in the best interest of the estate, the creditors and the debtors.

9. On October 17, 1986, the Court entered an order denying confirmation of the Chapter 13 plan, and allowed the parties ten (10) days from the date of the order to file motions to convert the plan to a Chapter 7 or 11 proceeding or to dismiss.

10. On October 24, 1986, a hearing on Fadels' motion was continued for insufficient notice. The court file reflects that proper notice of the hearing to be held on December 1, 1986 on the Fadels and Ind-Com motions was given to all creditors, including the Movant herein.

11. On October 27, 1986, the Debtors, by and through counsel, moved the Court to dismiss their Chapter 13 plan, and an order dismissing the Chapter 13 plan in accordance with Debtors' motion was filed with the Court on November 6, 1986.

12. On November 12, 1986, the Court entered an order rescinding, as erroneous, the order of November 6, 1986 to dismiss, there being a pending motion by Fadels to convert.

13. On December 1, 1986, the Court heard the motion of Fadels to convert the plan to a Chapter 7 case. The Debtors consented and supported the motion to convert.

14. On December 2, 1986, the Court entered an order converting the case to a Chapter 7 case.

15. On January 6, 1987, the first meeting of creditors for the Chapter 7 case occurred.

16. The final date for filing objections to the discharge of the debtors was March 9, 1987 and the discharge hearing was scheduled for March 26, 1987.

17. On March 19, 1987, NCNB filed a motion with the Court for reconsideration of the order of December 2, 1986, converting the Chapter 13 proceeding to a Chapter 7 case.