**Michael T. RUDD, et al., Plaintiffs,**

v.

**Kathleen LAUGHLIN, Defendant.**

**No. CV88–L–195.**

United States District Court,
D. Nebraska.

July 26, 1988.

Michael T. Rudd, Lincoln, Neb., pro se.

Kathleen Laughlin, trustee, Lisa S. Kessner, Omaha, Neb., and Joseph Badami, Lincoln, Neb., for defendant.

## MEMORANDUM OF DECISION

URBOM, District Judge.

The debtors appeal an order of the bankruptcy court granting the trustee's motion to convert this case from a Chapter 13 to a Chapter 7 bankruptcy pursuant to 11 U.S.C. § 1307(c). This case began as the debtors' sixth Chapter 13 filing within a four-year period. Upon voluntary dismissal of the fifth case, the bankruptcy court stated that the debtors were abusing the bankruptcy system and entered an order prohibiting the filing of another case within 180 days.

The debtors' schedules at the time of their sixth Chapter 13 filing revealed unsecured debts of $230,702.16, making them ineligible to be debtors under Chapter 13. *Id.* § 109(e). Under a prior decision of the bankruptcy court, ineligibility under Chapter 13 makes a purported case a nullity, depriving the court of jurisdiction to convert the case to one under another chapter of the bankruptcy code. *In re Wulf,* 62 B.R. 155 (Bkrtcy.D.Neb.1986). The trustee and a secured creditor argued, however, that the court nevertheless should make an exception to *Wulf* and convert the case under its broad equitable powers. *See* 11 U.S.C. § 105. They repeat the argument for a *Wulf* exception now on appeal. The debtors argue that cause should be shown why dismissal and the filing of an involuntary Chapter 7 petition would not adequately protect the rights of creditors.

Although bankruptcy courts possess broad equitable powers in cases over which they have jurisdiction, *see National Labor Relations Board v. Superior Forwarding, Inc.,* 762 F.2d 695, 698 (8th Cir. 1985); *cf. In re Ozark Restaurant Equipment Co., Inc.,* 816 F.2d 1222, 1230 (8th Cir.1987) (standing), their "equitable powers may only be exercised in a manner which is consistent with the provisions of the code," *Johnson v. First National Bank of Montevideo,* 719 F.2d 270, 273 (8th Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). If *Wulf* is followed, the bankruptcy court in this case was without jurisdiction to convert the case to one under Chapter 7. That equitable grounds for conversion are present could not create jurisdiction where the code provided none to begin with. Thus, the conversion to Chapter 7 cannot be supported by an "exception" to *Wulf,* but only by an overruling of *Wulf.*

The reasoning of *Wulf* is that a person ineligible to be a "debtor" under Chapter 13 cannot "commence" a case under that chapter. Since there is no case and no debtor, there is nothing to convert. 62 B.R. at 158. The bankruptcy court has said that "[t]he question of eligibility to be a debtor in Chapter 13 is much like the threshold subject matter jurisdiction determination in diversity cases where the $10,-000 minimum amount in controversy is challenged." *In re Koehler,* 62 B.R. 70, 72 (Bkrtcy.D.Neb.1986) (setting aside order confirming plan and dismissing case upon discovering that debtor was not eligible to proceed under Chapter 13 because court had lacked jurisdiction to enter order).

The bankruptcy code provides that:

A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

11 U.S.C. § 301. A "debtor" is a person "concerning which a case under this title has been commenced." *Id.* § 101(12). "The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time." *Id.* § 1307(a). In addition:

Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and

after notice and a hearing, the court may convert a case under this chapter [13] to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause....

*Id.* § 1307(c). Conversion "constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." *Id.* § 348.

The statutory language gives support to the court's analysis in *Wulf:*

Since Mr. Wulf was not an entity that may be a debtor under Chapter 13, the filing of his petition under Chapter 13 did not commence a case and did not constitute an order for relief. * * *

He is not a "debtor" because the definition of debtor is a person concerning which a case has been commenced.

* * * If there is no commencement of a case pursuant to § 301, then there was no "case" to be converted under § 1307(d) of the Bankruptcy Code.

* * * There is no provision in the Bankruptcy Code to suggest that an order authorizing conversion of a Chapter 13 case ... or the entry of the ... order for relief pursuant to such conversion, constitutes the *commencement* of a case.

\*      \*      \*      \*      \*      \*

The only remedy ... is to have the case dismissed and to commence a new case by filing a new ... petition.

62 B.R. at 158. Although "well reasoned and thought-provoking," *Wulf* "could result in manifest harm to debtors and creditors alike." *In re Tatsis,* 72 B.R. 908, 910 (Bkrtcy.W.D.N.C.1987). "[A] debtor would be allowed the opportunity to file a Chapter 13 plan, delay the creditors, benefit from the provisions of Title 11, and yet never be subject to the jurisdiction of a bankruptcy court." *Id.* at 911. "There are many instances in which Chapter 13 cases are filed where the qualifications of the debtor under § 109(e) might be called into question.

In such a case, when no issue is raised by a party in interest, the case will be administered pursuant to Chapter 13." *Id.*

The court in *Tatsis* explained that the "[f]iling of a case under Title 11 establishes jurisdiction in this Court in accordance with 28 U.S.C. §§ 1334 and 157. It gives the Court the right and authority to administer the case in accordance with the Bankruptcy Code." *Id.* at 910. Section 1334(a) provides that district courts have "original and exclusive jurisdiction of all cases under title 11," and section 157 permits district courts to give bankruptcy courts jurisdiction over "any or all cases under title 11...." 28 U.S.C. § 157. The *Tatsis* analysis suggests that the question of subject matter jurisdiction should be the broader one of whether the particular set of facts suggests that there is a basis for relief under Title 11. As noted by the court in *Tatsis,* paragraph three of Official Form No. 1 (voluntary petition) states that the petitioner "is entitled to the benefits of title 11, United States Code as a voluntary debtor."

A debtor's ineligibility for Chapter 13 relief is more like a failure to state a claim than it is like a failure to satisfy the amount in controversy requirement in a diversity case. It is true that a court is without jurisdiction to order relief under Chapter 13 unless the debtor is eligible under that chapter. *See, e.g., In re Koehler,* CV86–L–49 (D.Neb. June 18, 1986) (order affirming bankruptcy court's dismissal of case). That does not mean that the a court is without jurisdiction to administer a case under Title 11. Other courts implicitly have recognized this. *See In re Kelsey,* 6 B.R. 114, 117 (Bkrtcy.S.D.Tex.1980) (noting lack of jurisdiction to give relief under Chapter 13, court permits time for motion to convert case to Chapter 7); *In re Glazier,* 69 B.R. 666, 669 (Bkrtcy.W.D.Okla. 1987) (same, suggesting conversion to Chapter 12). Some courts have converted cases in which the debtors exceed the debt limitations of Chapter 13 without any discussion at all of jurisdiction. *See In re Bobroff,* 32 B.R. 933, 936 (Bkrtcy.E.D.Pa. 1983) (Chapter 13 to Chapter 7); *In re*

*Anderson,* 51 B.R. 532, 533 (Bkrtcy.D.S.D. 1985) (Chapter 13 to Chapter 11).

Although a plaintiff's failure to state a claim leaves a district court without jurisdiction to grant relief based on an inadequate or inaccurate pleading, it does not prevent a court from, for example, permitting a plaintiff whose factual scenario shows that she conceivably could be entitled to relief in federal court under another theory to amend her complaint. As an example more specific to jurisdiction, a plaintiff might plead federal question jurisdiction, fail to state a federal claim, but nevertheless be able to assert diversity jurisdiction and state a claim under state law. Similarly, the general grant of jurisdiction over Title 11 cases in sections 157 and 1334 does not suggest the chapter-specific limitations of *Wulf* in cases in which debtors are entitled to proceed under at least one chapter of the bankruptcy code.

 The filing of a voluntary petition is to be "by an entity that may be a debtor under such chapter." 11 U.S.C. § 301. The language "may be" does not necessarily suggest that a Chapter 13 case is "commenced" only by entities who without any question are eligible for relief under that chapter. Disputes about Chapter 13 eligibility may arise even in cases involving good faith filings under that chapter. That a debtor files under Chapter 13 in apparent bad faith should not deprive a court of jurisdiction under Title 11 to administer the case, by conversion or dismissal, "whichever is in the best interests of creditors and the estate...." *Id.* § 1307(c). Although the bankruptcy code sets clear requirements for eligibility under its various chapters, no provision expressly withholds general Title 11 jurisdiction when a debtor files under the wrong chapter. *Cf., e.g., In re Lawless,* 79 B.R. 850, 854 (W.D.Mo.1987) (following *Orr* rather than *Wulf,* concludes that statutory silence as to conversion from Chapter 12 to 11 in light of express right to convert to Chapter 7 does not preclude conversions to Chapter 11 in appropriate cases).

The decision of the bankruptcy court shall be affirmed, and the decision in *Wulf* is overruled insofar as it holds that a court is without jurisdiction to convert a case filed under Chapter 13 that exceeds the debt ceilings of 11 U.S.C. § 109(e) to a case under another chapter.