**In re Walter HOWARD, Debtor.**

**Bankruptcy No. 92–10853–JEY.**

United States Bankruptcy Court,
D. New Hampshire.

Jan. 19, 1995.

David P. Pancoast, Pancoast Professional Ass'n, Concord, NH, for debtor.

F. Michael Keefe, Manchester, NH, for creditor NRF Distributor's.

Geraldine B. Karonis, Asst. U.S. Trustee, Manchester, NH.

Lawrence P. Sumski, Amherst, NH, Chapter 13 Trustee.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This matter came before the Court upon the Court's simultaneous receipt of a Motion to Dismiss pursuant to § 1307(b) filed by the debtor and a Motion to Convert pursuant to § 1307(c) filed by the Chapter 13 trustee[1]. The facts leading to this event follow.

Walter Howard filed for Chapter 13 protection on March 17, 1992. On May 14, 1993, the Court confirmed the debtors Amended Chapter 13 Plan Dated April 2, 1993. (Ct. Doc. No. 20, 25). The sum and substance of the Plan was to pay off creditors upon the sale of debtor's real estate located on Goffs Falls Road in Manchester, New Hampshire by a certain date. By the terms of the plan, the debtor agreed to enter a motion to convert the case to a chapter 7 or to consent to the entry of such motion if the property had not been sold by November 18, 1993. All claims against the estate were deferred in full until the sale of the real estate closed. Specifically, the plan stated as follows:

> Debtor's real estate located at 2020 Goffs Falls Road, Manchester, Hillsborough County, New Hampshire, shall be placed on the real estate market and sold on or before November 1, 1993. In the event that the property is not sold by November 1, 1993, Debtor will consent to and/or move the Court to convert this case to a Chapter 7.

On November 18, 1993, upon motion of the debtor, the Court extended the November 1, 1993 sale deadline until June 31, 1994. (Ct. Doc. Nos. 27, 29). Notwithstanding the efforts of On Target Realty Inc., during the one year period the property was marketed only one offer was made on the property for $70,000 which was listed at $120,000. The Chapter 13 trustee, the debtor and the real estate broker all believed the offer to be too low and when counter-offers were rejected, the potential sale fell through. As of the date of this opinion, the property remains unsold. The mortgagee's right to foreclose absent sale was not a part of this plan and the mortgagor has not filed a motion for relief to foreclose as of this date.

On August 15, 1994, the Chapter 13 trustee filed a Motion to Dismiss or Convert (Ct. Doc. No. 31) and the debtor filed a Motion to Dismiss (Ct. Doc. No. 33). The United States Trustee filed a memorandum of law in

---

1. For the purposes of this opinion the Court will consider the Chapter 13 Trustee's Motion to Dismiss or Convert as a Motion to Convert in light of the memorandum of law in support of conversion filed by the United States Trustee.

support of the Chapter 13 trustee's motion to convert to chapter 7 (Ct. Doc. No. 38) and unsecured creditor NRF Distributors, Inc. filed both an objection to the debtor's motion to dismiss (Ct. Doc. No. 36) and a memorandum of law in support of the Chapter 13 trustee's motion to convert to chapter 7 (Ct. Doc. No. 39). On October 13, 1994, a hearing was held at which time the Court heard legal arguments on the debtor's right to dismiss the case notwithstanding the motion to convert the case to chapter 7. After further briefing of the issue, the Court took the matter under advisement on November 15, 1994.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral" of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire, dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b) as to which the Court has jurisdiction of the subject matter and the parties.

## DISCUSSION

■ The debtor's "right" to dismissal originates from § 1307(b) of the Bankruptcy Code which states:

> On request of the debtor at any time, if the case has not been converted under 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

As a starting point, the Court holds that under the language of this section, the debtor who initiates relief in chapter 13 retains the right to dismiss their case throughout the reorganization process. This remains true notwithstanding the creditor's reliance on the provisions of a confirmed plan of reorganization. *See e.g. In re Gillion*, 36 B.R. 901 (E.D.Ark.1983). To the extent that the Court may read any provision of this debtor's plan of reorganization to constitute a waiver of the right to dismiss the case at any time, such waiver is unenforceable[2].

■ The second question before the Court is whether or not the debtor's right to dismiss the chapter 13 case is absolute. Many courts have held that the debtor possesses the right to dismiss regardless of the circumstances of the case or other motions pending before the court. These courts predicate their analysis on the mandatory language of 1307(b)[3] as compared to the permissive language of 1307(c)[4] and the underlying policy of the voluntary nature of chapter 13. *In re Beatty*, 162 B.R. 853 (9th Cir. BAP 1994); *In re Sanders*, 100 B.R. 338 (S.D.Ohio 1989); *In re Looney*, 90 B.R. 217 (Bankr.W.D.Va.1988).

In contrast, some courts have restricted the debtor's right to dismiss amid allegations of fraud or bad faith or in the circumstance of a contemporaneously pending motion to convert under § 1307(c). Under these circumstances the Court may either delay action on the pending motion to dismiss to investigate allegations of fraud and to take appropriate actions "to address rights gained in reliance of the pendency of the bankruptcy" prior to dismissal of the case, *In re Merritt*, 39 B.R. 462, 465 (Bankr.E.D.Pa. 1984), *cf. In re Graven*, 936 F.2d 378 (8th Cir.1991) (interpreting similar provisions in chapter 12); or, in the case of a contemporaneously pending motion to convert, respond first to the merits of the motion to convert before consideration of the motion to dismiss.

---

**2.** The Court distinguishes the ruling on the particular provisions of this plan from a plan with a true "drop dead" date which provides the debtor must sell property by a certain date or the secured creditor may foreclose on the property without further order of the Court. The plan before the Court today contains no such provision. This plan simply states if the property is not sold by a certain date, the debtor will move for or consent to conversion to chapter 7. This opinion does not vitiate the enforceability of a true "drop dead" date in a plan of reorganization.

**3.** "On the request of the debtor at any time ... the court *shall* dismiss a case under this chapter." 11 U.S.C. § 1307(b).

**4.** "... on request of a party in interest or the United States trustee and after notice and a hearing, the court *may* convert a case under this chapter to a case under chapter 7 of this title, or *may* dismiss a case under this chapter, whichever is in the best interest of creditors and the estate ..." 11 U.S.C. § 1307(c).

*In re Modesty June Gaudet,* 132 B.R. 670 (D.R.I.1991); *In re Vieweg,* 80 B.R. 838 (Bankr.E.D.Mich.1987); *In re Tatsis,* 72 B.R. 908 (Bankr.W.D.N.C.1987); *In re Powers,* 48 B.R. 120 (Bankr.M.D.La.1985). These courts reason that to provide the debtor with the right to dismiss under § 1307(b) at any time under any circumstance would effectively nullify the involuntary conversion provisions of § 1307(c). Instead, the two sections should be interpreted *in pari materia* leading to the conclusion that the conversion provision of § 1307(c) places a limitation on the debtor's otherwise consummate right to dismissal under § 1307(b). This Court hereby adopts this reasoning.

For these reasons, in accordance with the Interlocutory Order entered contemporaneously this date, the Court hereby sets this case for a half day evidentiary hearing to complete the factual record to determine whether sufficient cause exists under § 1307(c) to warrant conversion of this case to chapter 7 and whether conversion of chapter 7 would be in the best interest of the creditors. 11 U.S.C. § 1307(c). At this point, the Court believes the record is inadequate to make such a determination. Factual matters of concern to the Court include but are not limited to:

1. The debtor's current residency status and its impact on the debtor's available homestead exemption.

2. Any present opportunities to sell the property for a price sufficient to pay off all secured claims notwithstanding exemptions thereby allowing the debtor to obtain value in the property free of claims of unsecured creditors under new homestead exemptions.

3. All other factual matters which may establish the debtor's bad faith, misuse of the process, unreasonable delay that is prejudicial to creditors or other cause that would warrant conversion of this case to chapter 7 despite the debtor's conflicting motion to dismiss.