**In re Joseph Anthony SAN GIOVANNI, Debtor.**

**No. BK 04–13614–MWV.**

United States Bankruptcy Court, D. New Hampshire.

May 13, 2005.

Brian R. Barrington, Esq. Coolidge, Mathieu, Barrington, Berube & Couture, P.A., for Debtor.

Lawrence P. Sumski, Manchester, NH, Chapter 13 Trustee.

Geraldine Karonis, Esq., Office of U.S. Trustee, for U.S. Trustee.

1. Unless otherwise noted, all statutory section references herein are to the Bankruptcy Re-

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it the Chapter 13 trustee's motion to dismiss or convert the Debtor's Chapter 13 case as well as the Debtor's *ex parte* notice to dismiss. Objections to the notice to dismiss were filed by the Debtor's ex-wife, Ms. Sangi, a creditor, Mr. Palmer, the Chapter 13 trustee and the United States Trustee. The essence of the Chapter 13 trustee's objection was to seek an order from the Court concerning certain funds he was holding prior to the dismissal of the case.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### FACTS

On April 22, 2005, the Court held a hearing on the above matters. At that hearing, the objectors argued that the right to dismiss pursuant to § 1307(b) of the Bankruptcy Code [1] was not absolute, and the case should be converted. At the conclusion of the hearing, the Court gave the parties the opportunity to file memoranda in support of their positions, which have now been filed and received by the Court.

Based on the record before the Court, the Court is not persuaded that the case should be converted to Chapter 7, and hereby dismisses the case.

form Act of 1978, as amended, 11 U.S.C. § 101, *et seq.*

## DISCUSSION

While not directly on point, the First Circuit Bankruptcy Appellate Panel has issued a series of cases having to do with the right to convert from Chapter 7 to Chapter 13 pursuant to § 706 of the Bankruptcy Code. The language of § 706 states, "the Debtor may convert a case . . ." The BAP holding as outlined in the most recent case of *Marrama v. Citizens·Bank of Massachusetts (In re Marrama)*, 313 B.R. 525 (1st Cir. BAP 2004) is that the right to convert to Chapter 13 is not absolute, but there must be a showing of "extreme circumstances" in order to deny conversion.

In this Court, Judge James E. Yacos, held in *In re Howard*, 179 B.R. 7 (Bankr. D.N.H.1995), the right to dismiss pursuant to § 1307(b) was not absolute when a contemporaneous motion to convert was pending. The holding is based on a reading of both § 1307(b) and (c) together. In coming to that decision, he stated,

> In contrast, some courts have restricted the debtor's right to dismiss amid allegations of fraud or bad faith or in the circumstance of a contemporaneously pending motion to convert under § 1307(c). Under these circumstances[,] the Court may either delay action on the pending motion to dismiss to investigate allegations of fraud and to take appropriate actions "to address rights gained in reliance on the pendency of the bankruptcy" prior to dismissal of the case, *In re Merritt*, 39 B.R. 462, 465 (Bankr. E.D.Pa.1984), *cf. In re Graven*, 936 F.2d 378 (8th Cir.1991) (interpreting similar provisions in chapter 12); or, in the case of a contemporaneously pending motion to convert, respond first to the merits of the motion to convert before consideration of the motion to dismiss.

*In re Howard*, 179 B.R. at 9. The *Howard* court then set up the issue for a further evidentiary hearing.

■ This Court does not believe a further hearing is warranted. First, the Chapter 13 trustee's motion was both to dismiss or convert based on failure to effectuate a plan of reorganization. There were no allegations of fraud, misuse of the bankruptcy system or "extreme circumstances" that would warrant denial of dismissal.

■ Second, unlike § 706, § 1307(b) uses the word "shall" rather than "may." Clearly, the burden to denial of dismissal under § 1307(b) must be higher than denial of conversion under § 706.

Third, while the facts of this case are unusual, i.e., that the Debtor was incarcerated at the time of the filing, that he has been subsequently convicted, and that the attorney general of the State of New Hampshire is in possession of approximately $300,000, which may or may not be the Debtor's money, the Court is not convinced that the Chapter 13 case was filed in bad faith. Throughout the proceeding, the Debtor, through counsel, averred his innocence, although he was subsequently found guilty by a jury. The case was filed to stay foreclosure proceedings and to protect assets, which is the basis of many filings in this Court.

■ Finally, the objecting parties argue that to keep the Debtor in bankruptcy would make it easier for the creditors to sort out their various claims. While this may be true, this Court believes that that factor alone cannot overcome the language of § 1307(b) and that to deny dismissal there must be a showing of a material abuse of the bankruptcy system. This Court, on the record before it, cannot make such a finding. For all of the above reasons, this case is dismissed.

## CONCLUSION

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.