**In the Matter of Marlin A. KOEHLER, Debtor.**

**Bankruptcy No. BK85–225.**

United States Bankruptcy Court, D. Nebraska.

Jan. 6, 1986.

Douglas E. Quinn, Omaha, Neb., Thomas Locher, Omaha, Neb., for Norwest Bank.

Michael W. Heavey, Omaha, Neb., for debtor.

TIMOTHY J. MAHONEY, Bankruptcy Judge.

This matter was originally heard on oral arguments at a hearing on August 9, 1985. Appearing on behalf of the debtor was Michael W. Heavey of Dwyer, Pohren, Wood & Heavey, Omaha, Nebraska, and appearing on behalf of the moving party, Norwest Bank of Norfolk, N.A., was Doug-

las E. Quinn of Thompson, Crounse, Pieper and Quinn of Omaha, Nebraska, and Thomas Locher of Omaha, Nebraska.

### Summary of the Case

This Chapter 13 debtor filed its plan in which it listed secured debt owed to the moving party in the amount of $173,676 and listed unsecured debt of approximately $8,000. In addition, the debtor listed the value of the collateral securing the debt to the moving party in the amount of $56,850. The plan was confirmed without objection. Following confirmation, the Bank filed a motion to dismiss alleging that the debtor was not qualified to be a debtor under § 109(e) because the unsecured debt at the time of the filing of the petition exceeded $100,000. The Bank alleges that since the plan indicates that the Bank's only collateral is valued at $56,850, it is clear that the Bank thereby has an unsecured claim of at least $116,000 as of the date of the petition. Therefore, the Bank alleges the Court should add together the unsecured claim of the Bank plus the other unsecured outstanding claims as alleged in the debtor's petition and plan and find that the Court has no jurisdiction to confirm this plan because Mr. Koehler is not qualified to be a debtor under Chapter 13.

At the hearing on August 9, 1985, the counsel for the debtor argued that the creditor's motion had come too late, because the plan was confirmed and could be revoked only if it were procured by fraud pursuant to § 1330 and that the confirmation order was binding upon the creditor pursuant to § 1327.

The Court requested briefs to address the jurisdictional question, the effect of the order of confirmation and whether or not the creditor was barred from raising the issue following the order of confirmation.

The parties extensively briefed the matter and this decision is based upon the oral argument of counsel, the schedules and plan of the debtor, the briefs submitted by the parties and case law decided after all briefs were submitted.

### Decision

This case is dismissed pursuant to § 1307(c), for cause. Mr. Koehler owed, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts that aggregated more than $100,000 and, therefore, he is ineligible to be a debtor under Chapter 13 of the Code pursuant to 11 U.S.C. § 109(e).

### Conclusions of Law

The debtor listed the Bank as a secured creditor which was owed more than $173,-000 on the date the petition was filed. In the schedules and plan filed shortly after the filing of the petition the debtor alleged that the value of the collateral securing the debt to the Bank was approximately $57,-000. Therefore, on the date the petition was filed and the schedules and plan were filed, the debtor realized that the Bank's debt was unsecured in an amount of approximately $116,000.

Debtor argues that the "debt" was actually $173,676 and was a secured debt. The debtor further argues that the word "claim" as used in the Bankruptcy Code is not the same as the word "debt" as used in the Bankruptcy Code and, therefore, although the Bank had a claim which was partially secured and partially unsecured, the total debt was a secured debt from the point of view of the debtor. The debtor argues that the Court should look only to the petition, schedule and plan and accept the allegations of the debtor and the debtor's determination of the secured or unsecured status of the debt and should not look to any other section of the Code, such as § 506 which defines a secured claim as equal to the value of the creditor's interest in the estate's interest in the collateral. See § 506(a). The debtor argues that eligibility for Chapter 13 should be determined at an early stage and should not await the outcome of a determination of secured status following a hearing pursuant to § 506.

This Court believes that the debtor is incorrect on several counts. First, the Code defines "debt" at § 101(11) as liability

on a claim. It defines "claim" at § 101(4) as a right to payment, whether or not secured or unsecured. Therefore, Mr. Koehler owed the Bank a debt in the amount of $173,676. The claim of the Bank was $173,676. Part of the claim was secured to the extent of $56,850, the value of the collateral, and part was unsecured to the extent of $116,826. The debtor acknowledged those numbers in the plan.

The debtor further argues that the case of *In re Morton*, 43 B.R. 215 (Bankruptcy E.D.N.Y.1984) supports the debtor's position that the portion of a secured creditor's claim which is rendered unsecured pursuant to 11 U.S.C. § 506(a) is not to be considered unsecured debt of the debtor in a determination under 11 U.S.C. § 109(e).

Also supporting the debtor's position that the Court should look only at the schedules and determine if the schedules were filed in good faith is the case of *In re King*, 9 B.R. 376 (Bankruptcy D.Or.1981).

■ This Court does not disagree with the theory that the petition, schedules and plan should be looked at by the Court and that the debtor's eligibility should be determined from the petition, schedules and plan and not from some later occurrence, such as a hearing, at which time the secured status of a creditor is determined. This Court will follow *Matter of Pearson*, 773 F.2d 751 (6th Cir.1985). If upon a good faith filing, it appears from the petition and schedules that the debtor is eligible for Chapter 13 protection, the Court will look no further.

■ However, in this case, the petition, schedules and plan show on their face, without a hearing to determine secured status, that part of the Bank's claim is secured and part is unsecured. In addition, the plan carries out the scheme of the schedules. It proposes to pay the Bank only the value of its collateral by transferring the collateral to the Bank.

Mr. Koehler clearly is not eligible to be a debtor under Chapter 13 of the Code.

■ Counsel for Mr. Koehler argues, however, that the creditor, by failing to object to the plan prior to its confirmation and by failing to appeal the confirmation of the plan, has waived its right to raise the question of jurisdiction. While the Court has not been informed of the reason the creditor failed to object to the confirmation of the plan or failed to appeal the confirmation of the plan, Mr. Koehler does not get the benefit of those failures on behalf of the creditor. This Court may raise the jurisdiction question at any time. *Matter of Pearson*, 773 F.2d 751, 757, (6th Cir. 1985). The question of eligibility to be a debtor in Chapter 13 is much like the threshold subject matter jurisdiction determination in diversity cases where the $10,-000 minimum amount in controversy is challenged. The Pearson court cites *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938) for the proposition that in a diversity case, the amount claimed in good faith by the plaintiff controls unless it appears to a legal certainty that the claim is for less than the jurisdictional amount or the amount claimed is merely colorable. *Pearson* at 757.

The opinion of Justice Roberts in the *St. Paul Indemnity Co.* case was "but if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was, therefore, colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *Id.* at 288–90, 58 S.Ct. at 590–91.

Further, the Pearson court quoting *Worthams v. Atlantic Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir.1976), states "Of course, when a party for the purpose of obtaining jurisdiction alleges excessive damages beyond any reasonable expectation of recovery, jurisdiction does not attach." *Pearson* at 757.

Although the diversity jurisdiction standard is not controlling in the Bankruptcy Court, the analysis of whether or not the Bankruptcy Court can review its jurisdic-

tion after having entered an order or confirmed a plan, is analogous. If the Court erroneously assumed jurisdiction and it is later made clear to the Court that it does not have jurisdiction, the Court has the power to review its earlier determination and reverse it. *Clark v. Paul Gray, Inc.,* 306 U.S. 583, 588, 59 S.Ct. 744, 748, 83 L.Ed. 1001 (1939). Further, the Court has the duty to review and act upon the question of jurisdiction when the matter is brought to its attention. *20 Am.Jur.2d Courts,* Section 92 (1965).

Finally, the general rule is that there can be no valid waiver of an objection to lack of jurisdiction. *20 Am.Jur.2d Courts,* Section 95, Note 10 (1965).

The debtor also argues that at the time of the hearing and the filing of the briefs, this case was several months' old and the order of confirmation was several months' old. The debtor has acted upon the confirmed plan and to now find that the debtor was not qualified under Chapter 13 would be extremely detrimental and unfair. Further, the debtor argues that this Court has already made a determination of eligibility at the confirmation hearing. These arguments would probably be persuasive if the practice in this District was to hold a Chapter 13 hearing prior to confirmation. However, as the counsel for the debtor well knows, unless there is an objection to the plan as proposed by a debtor, no hearing actually takes place. The Court does not have the opportunity to view the schedules and make an actual determination of debtor eligibility. The Code apparently permits this procedure and it obviously works in most cases. However, it is the position of this Court that an order entered confirming a plan without an actual hearing is subject to being set aside and the case is subject to being dismissed if it is brought to the attention of the Court that the Court did not have jurisdiction to enter the order in the first place.

In conclusion, Mr. Koehler is not eligible to be a Chapter 13 debtor and the case is dismissed.