**In the Matter of Harold WULF, Debtor.**

**Bankruptcy No. BK85–226.**

United States Bankruptcy Court, D. Nebraska.

April 28, 1986.

Michael W. Heavey of Dwyer, Pohren, Wood, Heavey & Grimm, Omaha, Neb., for debtor.

Michael G. Helms of Schmid, Ford, Mooney & Frederick, P.C., Omaha, Neb., for creditor, Cones State Bank.

## MEMORANDUM OPINION

TIMOTHY J. MAHONEY, Bankruptcy Judge.

This matter was originally heard on legal arguments at a status hearing on December 13, 1985. The Court asked for briefs by the parties and the final brief was filed February 24, 1986.

### Facts

The Cones State Bank has filed a motion to dismiss and a motion for relief from the automatic stay. The parties agreed that the legal issues involved are the same for both motions and, therefore, were argued and briefed together. Before arriving at a determination of the actual issues before the Court, a summary of the factual background is somewhat helpful.

Debtor was a farmer in Pierce County, Nebraska. He had borrowed money from Cones State Bank (Bank) over several years. He had also granted the Bank a security interest in various items of property. The total indebtedness on the date Mr. Wulf filed his Chapter 13 petition, January 25, 1985, was $241,500 principal plus interest. The Bank had a perfected lien on a motor vehicle title and on November 29, 1979, had filed the appropriate financing statement to perfect its security interest in the farm products, including livestock, crops, machinery and their proceeds. However, the Bank neglected to file a continuation statement prior to November 29, 1984, and, therefore, the effectiveness of the previously filed financing statement expired on November 29, 1984.

Before the Bank filed documents to reperfect its security interest, which documents were filed on February 15, 1985, Mr. Wulf filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 31, 1985.

On February 14, 1985, Mr. Wulf filed his Chapter 13 statement, Chapter 13 plan, and schedules of assets and liabilities. In those schedules he identified the Bank as holding a claim in the amount of approximately $240,000 and identified the property serving as collateral for the Bank's debt to have a total value of approximately $98,000. Therefore, his schedules reflected that the Bank was unsecured in the amount of approximately $142,000. In addition to

the unsecured portion of the Bank's debt, the schedules showed that there were one or more other unsecured creditors holding claims of approximately $65,000.

The Bank filed an objection to Mr. Wulf's Chapter 13 plan on the basis that he was not eligible to be a debtor under Chapter 13. Hearing was held on the Bank's objection to confirmation of Mr. Wulf's plan on April 12, 1985. The Bank's objection was sustained and leave to file an amended Chapter 13 plan was denied for the reason that the debtor's unsecured debts exceeded $100,000 and, therefore, the debtor was ineligible for relief under Chapter 13.

Mr. Wulf then filed an application for conversion of the proceedings to a Chapter 11 proceeding. The Bank filed a motion to dismiss the Chapter 13 proceedings on the grounds that Mr. Wulf was not eligible for relief under Chapter 13. The motion to dismiss and the motion to convert were heard on June 14, 1985. At that hearing the Bankruptcy Court denied the motion to dismiss and granted the motion to convert.

The Bank appealed to the District Court. The District Court held that the orders appealed from were interlocutory in nature and declined to hear the appeal. District Court stated that "the issue of whether the Bankruptcy Court has proper jurisdiction in the Chapter 11 proceedings should first be decided in the Bankruptcy Court".

The Cones State Bank thereafter filed these motions for relief from stay and motion to dismiss.

On June 28, 1985, the Bankruptcy Court for the District of Nebraska had a change of judges. The decision of the District Court referred to above was filed on August 13, 1985, and so the motion for relief from the automatic stay and the motion to dismiss were filed during the term of the new judge.

It is the opinion of the new judge that the District Court decision of August 13, 1985, grants the Bankruptcy Court the opportunity to reconsider the decision of June 14, 1985, concerning the motion to dismiss and the motion to convert. This Court has had the opportunity to review the lengthy briefs of the parties and will take the opportunity afforded it by the District Court to reconsider the legal conclusion of the Bankruptcy Court on June 14, 1985.

*Issue*

Is a person who files a petition for relief under Chapter 13 but who is not eligible to be a debtor under Chapter 13 permitted to use the benefits of § 1307 of the Bankruptcy Code to convert his proceeding into one under Chapter 11?

Another way to frame the issue is as follows: can someone who has no right to be a debtor under Chapter 13, but who files a "petition" under Chapter 13 anyway, be permitted, six months later, to become a Chapter 11 debtor and be permitted to use his original filing date as the significant date of the "order for relief"?

No matter which way the question is asked, the answer is no.

*Decision*

This debtor was not eligible to be a debtor under Chapter 13. Therefore, a case was not commenced by the filing of the Chapter 13 petition. Therefore, the "debtor" has no case or proceeding to convert to a Chapter 11 proceeding. Therefore, the Chapter 13 "proceeding" or "case" is a nullity and so is the Chapter 11 "case". This proceeding is dismissed. Unless there is some administrative rule against it, the money which represents the difference between the Chapter 13 filing fee and the Chapter 11 filing fee shall be returned to Mr. Wulf.

*Conclusions of Law*

On January 31, 1985, Mr. Wulf was not eligible to be a debtor under Chapter 13 of the Bankruptcy Code. Section 11 U.S.C. 109(e) provides in part:

"Only an individual with regular income that owes, on the date of the filing of the petition, non-contingent, liquidated, unsecured debts of less than $100,000 and non-contingent, liquidated secured debts of less than $350,000 ...

may be a debtor under Chapter 13 of this Title."

Mr. Wulf's schedules and statements showed that the unsecured portion of the debt he owed was in excess of $100,000 and, therefore, he was not an eligible debtor. See also *In re Koehler*, 62 B.R. 70, Bankruptcy, District of Nebraska, 1986.

11 U.S.C. § 301 provides that:

"A voluntary case under a chapter of this Title is commenced by the filing with the Bankruptcy Court of a petition under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this Title constitutes an order for relief under such chapter".

█ Since Mr. Wulf was not an entity that may be a debtor under Chapter 13, the filing of his petition under Chapter 13 did not commence a case and did not constitute an order for relief. The document he filed which is called a "petition" does not qualify as a "petition" for bankruptcy purposes under § 101(34) and he does not qualify as a "debtor" under § 101(12). He is not a "debtor" because the definition of debtor is a person concerning which a case has been commenced.

Only a "debtor" or an interested person may convert a case pursuant to § 1307 from a Chapter 13 status to Chapter 11 status. There is no case commenced under Chapter 13 and there is no debtor under Chapter 13 and Mr. Wulf is certainly not a creditor or an interested party for this purpose under Chapter 13 and, therefore, is not eligible to convert a nonexistent case to an existent proceeding under Chapter 11. If there is no commencement of a case pursuant to § 301, then there was no "case" to be converted under § 1307(d) of the Bankruptcy Code.

The order for relief entered June 17, 1985, pursuant to the decision made by the Bankruptcy Court on June 14, 1985, did not constitute the commencement of this case under Chapter 11 of the Bankruptcy Code. The entry of an order for relief under § 1307(d) presumes that a case has already been commenced. There is no provision in the Bankruptcy Code to suggest that an order authorizing conversion of a Chapter 13 case to a Chapter 11 case, or the entry of the Chapter 11 order for relief pursuant to such conversion, constitutes the *commencement* of a case. Section 301 of the Code is the only section that deals with and sets out the requirements for commencement of any voluntary case. The existing Chapter 11 proceedings were not initiated by the filing of a petition. Rather, they were supposedly initiated by the filing of a Motion to Convert under § 1307(d). In the absence of any document that would qualify as a "petition" as the term is defined under §§ 101 and 301 of the Bankruptcy Code, no case has been *commenced* before this Court.

It can be argued that the Court should consider the Chapter 13 "petition" which was filed by Mr. Wulf to be a "petition" which qualifies for the commencement of a Chapter 11 case. If the Court decided that, it could say that the motion to convert was actually a request to consider the preexisting document as filed on June 14 or June 17 of 1985, instead of January 31, 1985. The Court could then say that the order for relief was entered on June 17, 1985, and this case was actually commenced.

█ This Court will not do so because to do so would perpetuate a fiction. This person was ineligible to be a debtor under Chapter 13 from the very beginning. When an individual files a petition seeking to institute a proceeding for which he is not eligible, the Bankruptcy Court lacks jurisdiction over his property and estate. The only remedy available for the proposed debtor is to have the case dismissed and to commence a new case by filing a new Chapter 11 petition.

Debtor argues that 11 U.S.C. § 348 permits him to do exactly what he had done. That section provides in part:

"(a) Conversion of a case from a case under one chapter of this Title to a case under another chapter of this Title constitutes an order for relief under the chapter to which the case has converted,

but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."

The problem with Mr. Wulf's argument is that this Court finds that an ineligible person filing a petition requesting relief does not commence a case. Therefore, there is no case previously commenced which can be converted. Therefore, there is no relation back to the filing date or to an order for relief because no order for relief exists.

This case is dismissed.