**In re Peter John BRANDON and Linda Kristine Brandon, Debtors.**

**Bankruptcy No. 88–02714–B.**

United States Bankruptcy Court, D. Idaho.

Dec. 2, 1988.

Jay D. Sudweeks, May & May Law Offices, Twin Falls, Idaho, for debtors.

Jim D. Pappas, Green, Service, Gasser & Kerl, Pocatello, Idaho, for Farm Credit Bank of Spokane.

Richard D. Greenwood, Stephan, Slavin, Kvanvig & Greenwood, Twin Falls, Idaho, for Twin Falls Bank and Trust Co.

L.D. Fitzgerald, trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

### CASH COLLATERAL

Issues for decision are Debtors' motions to convert from Chapter 13 to Chapter 11, and for use of cash collateral. The debtors move for an order of the Court allowing them to use $15,400.00 of cash collateral in which Twin Falls Bank and Trust Company (the Bank) has an interest. The $15,400.00 figure represents crop proceeds of the debtors' 1988 crops in the form of cash or unsold crops. The debtors seek use of the funds in order to pay $7,500.00 worth of unpaid expenses from the production of the 1988 crops and the remainder to finance their 1989 crop production.

Debtors in 1989 will farm 155 acres, which represent 75 acres which they own and 80 acres which they rent. Debtors plan to repay the cash collateral through the provisions of their anticipated plan over a five year period. The repayment concept involves the affording of a plan provision to the Twin Falls Bank and Trust Company which would in effect provide for a partial repayment each of the five years of the plan term. As adequate protection for the use of the cash collateral, the debtors offer the Bank substitute liens in their crops for the next five years.

The Bank objects to the use of the cash collateral. The Bank claims it will be assuming the risk of the repayment provisions, in that a five year repayment plan for the use of cash collateral is to long, and such a repayment provision involves the use of cash collateral to finance a Chapter 11 plan. The Bank further contends there is a lack of adequate assurance the debtor

will be able to produce the necessary crops for each of the five years.

Prior decisions of this Court [1], following an Eighth Circuit decision [2], have allowed the use of cash collateral where the creditor is afforded adequate protection in the form of a replacement lien on the next year's crop, upon a showing of a certainty the next year's crops will actually be produced or the existence of insurance to protect against a failure of production. However, these decisions have usually dealt with the granting of the replacement loss for the next year, with the creditor sharing the risk of production for the next year only. While there may exist precedents in this Court where Chapter 11 or Chapter 12 plans were confirmed, and plans contained provisions for repayment of cash collateral beyond the succeeding year, such cases dealt with plan confirmation issues as opposed to pre-plan motions for use of cash collateral.

In the present case, the debtors have just recently converted to a case under Chapter 11. No plan has been presented and the possibility exists no plan may ever be confirmed. The five year proposed repayment period for the use of the Bank's cash collateral is therefore unreasonable under the circumstances. I further conclude the risk on the creditor of realizing annual payments based upon five successive year crop liens in this case does not satisfy the adequate protection requirements of 11 U.S.C. § 361.

The motion for use of cash collateral will be denied by separate order.

### CONVERSION ISSUE

Farm Credit Bank (FCB) objects to the debtors' motion to convert contending there is not an estate to convert since debtors are ineligible to be debtors under Chapter 13, citing as authority *In re Wulf*, 62 B.R. 155 (Bankr.D.Neb.1986).

 I cannot agree with the rational of the *Wulf* decision. The net effect of the *Wulf* decision is a *nunc pro tunc* order

nullifying an order for relief. If Chapter 13 debtors cannot fulfill the eligibility requirements after the filing and the order for relief, the appropriate sanction and result is a dismissal of the case. However, until the dismissal is entered, a Chapter 13 debtor is entitled to the conversion options afforded by 11 U.S.C. § 1307. As a practical matter, the "undoing of things already done" which would result from application of the *Wulf* rational would create severe practical problems since a return of the parties to a *status quo* position would be impossible in most cases.

The motion to convert will be granted also by separate order.

---

**1.** *In re Nielson Skyline Farms,* 86 IBCR 168.

**2.** *In re Martin,* 761 F.2d 472 (8th Cir.1985).