**Michael T. RUDD and Jodene M. Rudd, Appellants,**

**v.**

**Kathleen LAUGHLIN, Appellee.**

**No. 88–2300.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 6, 1989.

Decided Jan. 31, 1989.

Michael T. Rudd and Jodene M. Rudd, pro se.

Kathleen A. Laughlin, Omaha, Neb., pro se.

Before ARNOLD, FAGG, and WOLLMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Michael and Jodene Rudd appeal from the District Court's[1] order affirming the Bankruptcy Court's[2] conversion of their Chapter 13 case to a case under Chapter 7 of the Bankruptcy Code. The Rudds argue that, because they were not eligible to be Chapter 13 debtors in the first place, the Bankruptcy Court never had jurisdiction over their purported case and could not convert it. The District Court rejected this contention, disapproving *In re Wulf*, 62 B.R. 155 (Bankr.D.Neb.1986), which supported the Rudds' position. *Rudd v. Laughlin*, 95 B.R. 705 (D.Neb.1988). We affirm.

On August 28, 1987, the Rudds filed their sixth Chapter 13 petition within a four-year period. The trustee, appellee here, moved to dismiss the case, or to convert it to a case under Chapter 7. See 11 U.S.C. § 1307(c). The trustee alleged that the Rudds had abused the bankruptcy system and were ineligible for the relief they sought because they had unsecured debts exceeding the $100,000 Chapter 13 maximum. See *id.* § 109(e).

Relying on *Wulf*, the Rudds opposed conversion of their case. The Court in *Wulf* held that a person who is ineligible to be a Chapter 13 debtor because of unsecured debts exceeding the section 109(e) limit does not commence a case of any kind by filing a petition under Chapter 13. 62 B.R. at 158; see 11 U.S.C. § 301 (case under a particular chapter is commenced by filing of a petition "by an entity that may be a debtor under such chapter"). Under this reasoning, a case filed by an ineligible "debtor" is a nullity, and the court has no jurisdiction to convert the nonexistent case to another chapter. 62 B.R. at 158; see also *In re Koehler*, 62 B.R. 70, 72–73 (Bankr.D.Neb.1986) (comparing section 109(e) limit to amount-in-controversy requirement for district court's diversity jurisdiction).

The trustee in this case asked the Bankruptcy Court to make an exception to the *Wulf* rule, and to convert the case under its broad equitable powers. The Court granted the trustee's motion. The District Court affirmed. It disapproved the holding of *Wulf*, rather than relying on any supposed equitable exception to it. The District Court compared a debtor's ineligibility for relief under a particular chapter to a failure to state a claim, and concluded that such ineligibility does not deprive the court of subject-matter jurisdiction. This appeal followed.

When a petition is filed in a bankruptcy court seeking assistance in "the restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power," *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71, 102 S.Ct. 2858, 2871, 73 L.Ed.2d 598 (1982), the court has jurisdiction to administer the ensuing case in accordance with Title 11 of the United States Code. See 28 U.S.C. §§ 1334 and 157. Unlike the statute which grants diversity jurisdiction to district courts only when the required amount is in controversy, see 28 U.S.C. § 1332, the statutes governing the authority of federal

---

1. The Hon. Warren K. Urbom, United States District Judge for the District of Nebraska.

2. The Hon. John C. Minahan, United States Bankruptcy Judge for the District of Nebraska.

courts to hear bankruptcy cases do not limit jurisdiction according to amounts involved. Nor do we believe that 11 U.S.C. § 109 is meant to restrict the jurisdiction granted under these statutes. See *Promenade Nat'l Bank v. Phillips*, 844 F.2d 230, 235–36 n. 2 (5th Cir.1988) (rejecting jurisdictional argument based on section 109 and noting "far-reaching consequences" of linking subject matter jurisdiction to eligibility requirements). See also *In re Tatsis*, 72 B.R. 908, 910–11 (Bankr.W.D.N.C.1987) (citing cases; declining to follow *Wulf*); *In re Republic Trust & Sav. Co.*, 59 B.R. 606, 609 & n. 1 (Bankr.N.D.Okla.1986) (debtor's eligibility for relief under section 109 presents a question of substantive law, not subject-matter jurisdiction). To the extent that *Wulf* and *Koehler* suggest that a bankruptcy court lacks jurisdiction solely because of the debtor's ineligibility for Chapter 13 relief, these cases are disapproved.

We have considered the Rudds' other arguments and find no merit in them. Accordingly, the order of the District Court is affirmed.