**In re Christopher D. GRIGGS, Debtor.**

**Bankruptcy No. 94–80469–BGC–7.**

United States Bankruptcy Court,
N.D. Alabama,
Southern Division.

Sept. 15, 1994.

Martha Evans Williams, Cullman, AL and Vera Hollingsworth, Decatur, AL, for debtor.

Daniel Sparks, Birmingham, AL, for movant.

## ORDER GRANTING MOTION TO CONVERT AND OVERRULING OBJECTION TO CONVERSION

BENJAMIN COHEN, Bankruptcy Judge.

This matter is before the Court on a Motion to Convert from Chapter 7 to Chapter 13 filed by the Debtor on July 12, 1994 and an objection to conversion filed by an unsecured creditor, Mr. Reuben Self, on August 19, 1994.[1] After notice, a hearing was held on August 22, 1994. Appearing at that hearing were Ms. Martha Evans Williams and Ms. Vera Hollingsworth, attorneys for the Debtor, Mr. Daniel D. Sparks, attorney for Mr. Reuben Self, and Mr. Romaine Scott, attorney for Nationwide General Insurance Company and others, intervening plaintiffs in one of two adversary proceedings pending in this Chapter 7 case.[2] Both adversary proceedings involve the issue of whether certain debts should not be discharged in the Chapter 7 case pursuant to section 523(a)(2)(A) of the Bankruptcy Code which relates to false pretense, false representation or actual fraud. 11 U.S.C. § 523(a)(2)(A).[3] Mr. Self's objection to the motion to convert is based principally on his contentions that this Chapter 7 Debtor does not qualify under 11 U.S.C. § 109(e) as a Chapter 13 debtor.

An evidentiary hearing on the motion and the objection was scheduled for September 1, 1994 but was not held. The parties, by way of letter from counsel for Mr. Self, advised the Court that, "All counsel have agreed . . .

---

1. The Debtor's bankruptcy case was transferred to this Court on July 14, 1994 due to a conflict of the presiding judge in the division in which the case was filed.

2. Pretrial status conferences have been held in the two adversary proceedings. These proceedings have been delayed pending consideration of this Motion to Convert from Chapter 7 to Chapter 13.

3. Mr. Self is the Plaintiff in Adversary Proceeding No. 94–80072. Merchants Bank is the Plaintiff in Adversary Proceeding No. 94–80048. Merchants Bank has not formally objected to the

Motion to Convert, but through representations of counsel, the Court understands that the Bank agrees with and supports Mr. Self's positions and arguments. All parties agree that the debts subject to the adversary proceedings would not be subject to complaints to determine dischargeability if this case were converted to Chapter 13. Section 1328 of the Bankruptcy Code allows for the discharge of all debts except for those specifically enumerated in Section 1328. *See In re Kitchens,* 702 F.2d 885 (11th Cir.1983). The debts complained of by these creditors are not among those specifically excepted.

to submit the 109(e) issue upon the schedules, amended schedules, briefs of Counsel and the previous statements made in oral argument." Letter from Daniel D. Sparks of August 31, 1994.[4]

### ISSUES

Mr. Self's objection involves five issues. These are:

1. Whether the Debtor is "jurisdictionally" eligible to be a Chapter 13 debtor.

2. Whether the Debtor's first filed Chapter 7 schedules or his subsequently filed Chapter 13 schedules control for purposes of addressing section 109(e) issues.

3. Whether the Debtor's schedules, either Chapter 7 or Chapter 13 are sufficient to determine whether the Debtor satisfies the debt limitations of section 109(e).

4. Whether the Debtor's Motion to Convert was filed in a bad faith attempt to avoid debts which the Plaintiffs allege would be nondischargeable in his Chapter 7 case.

---

**4.** On August 24 the Court advised the parties that because some of the issues raised in the objection to conversion depended on the answers to specific questions of fact, that the parties should be prepared to stipulate to or present evidence on those facts. The Court further advised that signed Chapter 13 schedules would be accepted as evidence, subject to proper objection.

**5.** *In re Martin*, 880 F.2d 857 (5th Cir.1989), but an "absolute right" to convert to a Chapter 13 case, of course presupposes a debtor's eligibility. *In re Safley*, 132 B.R. 397, 399 (Bankr.E.D.Ark. 1991). "Conversion of the case is not intended to establish additional rights." *Id.*

**6.** *In re Jones*, 129 B.R. 1003 (Bankr.N.D.Ill. 1991). *Jones* explains that several circuit courts have concluded that section 109(e) is not jurisdictional. These include the fifth, eighth and ninth circuits. The Court of Appeals for the Eleventh Circuit has not ruled on this matter. *But see, In re Watford*, 898 F.2d 1525, 1526 (11th Cir.1990) where the court stated, "In order for a bankruptcy court to have jurisdiction over a Chapter 12 petition, the debtor must be a 'family farmer.'" While the Court used the term "jurisdiction" the case did not address the issue of whether Section 109 was a jurisdictional or eligibility section.

This Court agrees with those circuit and lower courts that have concluded as the above three. In *Rudd v. Laughlin*, 866 F.2d 1040 (8th Cir.

5. Whether the Debtor is an individual with regular income sufficiently stable and regular to enable him to make payments under a Chapter 13 plan.

### DISCUSSION

 A debtor has a right to convert a Chapter 7 case to a Chapter 13 case at any time, if the case has not been previously converted. 11 U.S.C. § 706. The prohibition of an initial conversion requires extraordinary circumstances.[5] For the reasons discussed below the Court finds that these circumstances do not exist in this case and that the Motion to Convert should be granted and the Objection to Conversion be overruled.

### 1. Jurisdiction

 No party argues that this Court does not have jurisdiction to hear this matter. Such an argument would raise a true jurisdiction question. No such question exists here because the requirements in section 109(e) are eligibility limits not jurisdictional ones.[6]

---

1989), the debtors, in opposing the conversion of their case, argued that if a Chapter 13 debtor is ineligible under section 109(e) a case is not commenced under Chapter 13 and thus a court would have no jurisdiction to convert the case to one under Chapter 7. The debtor relied on the holding in *In re Wulf*, 62 B.R. 155 (Bankr.D.Neb. 1986) *overruled by, Rudd v. Laughlin*, 866 F.2d 1040, 1042 (1989). In disapproving the *Wulf* holding and affirming the district court's holding in *Rudd* that "ineligibility does not deprive a court of subject matter jurisdiction," *Rudd* at 1041, the circuit court found that section 109 was not written to restrict the jurisdiction of statutes governing the authority of federal courts to hear bankruptcy cases. *Rudd* at 1041–42. *But see, Ekeke v. United States*, 133 B.R. 450 (S.D.Ill.1991) (stating that "the plain language of § 109(e) makes the amount of the plan a jurisdictional prerequisite, as opposed to an eligibility measure." *Id.* at 452). Because the principal objection to the conversion in this case factually involves more that the Debtor does not have regular, stable income, rather than that the Debtor exceeds the debt limits imposed by section 109(e), *Ekeke*, and cases similar to it, do not persuade this Court to abandon its position that section 109(e) is an eligibility section not a jurisdictional one. Because most cases addressing this issue are cases involving the debt limits of section 109(e), this Court believes that *Ekeke* and similar cases are even less persuasive. As the

### 2. Chapter 7 Schedules

■ Mr. Self argues that the issues in this case should be determined from the facts as presented in the Debtor's Chapter 7 schedules and as of the time the Chapter 7 case was filed. This Court disagrees. But for a change in circumstances or a reevaluation of existing circumstances, no debtor would request a conversion of a case. Not to allow a court to consider the changed circumstances or to make its own reevaluation of existing circumstances would hamstring any review of such a request.[7] "Our determination of what constitutes 'regular income' [or other factors reviewed in a section 109 analysis] is not limited to the date of filing the petition, but may properly be viewed prospectively." *In re Tucker*, 34 B.R. 257, 262 (Bankr.W.D.Okl.1983) (parenthetical added). "It has been held that in determining a debtor's ability to establish a regular income, courts need not look solely at the time when the petition was filed, but may look beyond the petition date if such time is more favorable to the debtor." *In re Sassower*, 76 B.R. 957, 960 (Bankr.S.D.N.Y.1987) (citing, *In re Tucker*, 34 B.R. 257 (Bankr.W.D.Okl.1983)); *In re Bradley*, 18 B.R. 105 (Bankr.D.Vt. 1982); *In re Moore*, 17 B.R. 551 (Bankr. M.D.Fla.1982).

The Debtor must of course produce evidence to support his eligibility. In this case the Debtor offers his recently filed Chapter 13 schedules. And this Court considers those schedules as evidence in this matter.[8]

### 3. Debt Limitations

■ Mr. Self argues that no one is able to determine from the Debtor's Chapter 7 schedules whether the Debtor satisfies the $100,000 unsecured debt limit imposed by section 109(e). In addition he argues that if the potential debts which are the subject of the pending adversary proceedings are liquidated in Mr. Self's favor, the Debtor would certainly exceed the Chapter 13 debt limits.

This Court finds that the Debtor's Chapter 13 schedules are sufficient to determine that the Debtor does not exceed the $100,000 debt ceiling for non-contingent, liquidated, unsecured debts. Tax liabilities, for which no amounts are given, are explained as probably having been set off against subsequent refunds. Other debts for which no amounts are listed are, except for a debt for rent which the Debtor maintains has been settled, all described as contingent and unliquidated. Two of the such qualifying debts are related to the matters subject to the adversary proceedings before this Court. Neither of those matters has been liquidated. The third debt in this category is one for claims arising from a complaint before the Alabama Commissioner of Insurance. It too has not been liquidated. This Court finds that the Debtor's non-contingent, liquidated, unsecured debts do not exceed $100,000, including the unsecured portions of listed secured debts.[9]

### 4. Nondischargeable Debts

■ Mr. Self argues that the Debtor's attempted conversion constitutes bad faith

discussions in cases holding opposite to *Ekeke* explain, to hold as does *Ekeke* would be to hold that the section 109(e) limits are similar to the amount-in-controversy requirement of a district court's diversity jurisdiction. This Court does not believe that section 109(e) was written to amend jurisdiction. The question of whether section 109(e) addresses jurisdiction or eligibility is of course one which affects future objections to this Debtor's filing, as non-jurisdictional matters, if not timely raised, are waived.

7. Section 109(e) provides that the individual who may file a Chapter 13 petition is "an individual with regular income that owes, *on the date of the filing of the petition,* noncontingent, liquidated, unsecured debts of less than $100,000...." 11 U.S.C. § 109(e). This date cannot include the date of filing a Chapter 7 petition in a conversion situation. This listing of this date, because it appears in the Section 109(e) eligibility require-

ments of an individual who may file a Chapter 13 petition, must relate only to Chapter 13 petitions. In a conversion situation, to deny a Chapter 7 debtor the right to file and have considered Chapter 13 schedules would prevent the Debtor from establishing eligibility "on the date of the filing of the petition."

8. In *In re Young*, 91 B.R. 730 (E.D.La.1988) the district court found that after the bankruptcy court allowed a debtor who wanted to convert his case from Chapter 7 to Chapter 13 to file amended schedules of debts and a Chapter 13 plan, that the bankruptcy court should have considered the amended schedules as of the time the Chapter 13 plan was offered, rather than determining eligibility as of the date the Chapter 7 petition was filed.

9. There does not seem to be a dispute that the Debtor's secured debts do not exceed $350,000.

because it is an attempt to discharge nondischargeable Chapter 7 debts in a Chapter 13 case.[10] The "consideration of the type of debt to be discharged and whether such debt would be dischargeable under chapter 7" are factors which a bankruptcy court should consider in determining whether a case has been filed in good faith. *In re Kitchens,* 702 F.2d 885, 889 (11th Cir.1983). The discharge of a debt which would be nondischargeable in a Chapter 7 case is not in and of itself a sufficient basis to find bad faith.[11] The debts here have not been held to be nondischargeable. Nondischargeability has been alleged by complaint.

 This Court agrees with those courts which find that an attempt to discharge a nondischargeable debt is not per se bad faith and that the attempt is only one factor to consider in determining whether a petition has been filed in good faith.[12] The Debtor should not be denied a conversion of his case because there are debts which the Plaintiffs contend are nondischargeable.

### 5. Regular Income

 Section 109(e) of the Bankruptcy Code allows only "an individual with regular income" to file a Chapter 13 petition. 11 U.S.C. § 109(e). "An individual with regular income" is defined in Section 101(30) of the Code as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13...." 11 U.S.C. § 101(30). Mr. Self argues that the Debtor does not meet this criteria.[13] The Debtor's Chapter 13 schedules list the Debtor's occupation as "construction supervisor." His total net monthly income is $1,376.22. His total monthly expenses are $1,174.00. The Debtor reports disposable income of approximately $200.00 per month.

This Court finds that an individual who works as a "construction supervisor" with a net monthly income of $1,376.22 is an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13." The Court of Appeals for the Eleventh Circuit has stated that the purpose of the modification of the Bankruptcy Code to allow any individual with regular income to file a Chapter 13 petition was to, "permit almost any individual with regular income to propose and to have approved a reasonable plan for debt repayment based on that individual's exact circumstances." *United States v. Devall,* 704 F.2d 1513, 1515–16 (11th Cir.1983)

---

10. Mr. Self also argues that there is no real possibility of a confirmable plan in this case. Mr. Self makes this argument from a reading of the Debtor's Chapter 7 schedules. The Debtor has only recently filed Chapter 13 schedules. The matter of whether this Debtor's proposed plan is confirmable has not come before this Court. The Debtor has not had an opportunity to support his proposal and the creditors have not had an opportunity to oppose it. This issue is one which will be considered by both camps as this case proceeds.

11. *In re Caldwell,* 895 F.2d 1123 (6th Cir.1990) (stating "[i]t is not conclusively bad faith for a debtor to seek to discharge a debt incurred through his own criminal or tortious conduct, but that factor may be considered." *Id.* at 1127); *In re Rasmussen,* 888 F.2d 703 (10th Cir.1989); *In re Martin,* 880 F.2d 857 (5th Cir.1989) (recognizing that courts have allowed conversion from Chapter 7 to Chapter 13 even *after* judgements of nondischargeability in a Chapter 7 case, stated that, "the cases support our conclusion that a debtor's right to convert under section 706(a) is ... an absolute one ... [where] courts refuse to interfere with that right in the absence of ex-

treme circumstances." *Id.* at 859) (parenthetical added); *In re Saylors,* 869 F.2d 1434 (11th Cir. 1989) (attempting to discharge a debt in a Chapter 13 case which is not discharged in a Chapter 7 case is not per se bad faith); *In re Chaffin,* 816 F.2d 1070 (5th Cir.1987) stating "[a]bsent some other evidence of lack of good faith, therefore, merely seeking the benefit of § 1328(a) does not stamp the debtor's application with bad faith. *Id.* at 1074) *opinion modified,* 836 F.2d 215 (5th Cir.1988); *In re Street,* 55 B.R. 763 (9th Cir. BAP 1985).

12. Fifteen of those factors are listed in *In re Kitchens,* 702 F.2d 885 (11th Cir.1983). Although the broad issue of good faith is not formally before this Court, after considering the factors specified in *Kitchens,* this Court does not find the totality of the evidence supporting a current objection based on a bad faith filing. If such an objection to confirmation or motion to dismiss is filed, the objecting party may develop such evidence.

13. Mr. Self's argument is based on his reading of the Debtor's Chapter 7 schedules. As explained above, the Debtor has since filed Chapter 13 schedules.

(citing S.Rep. No. 95–989, at 13, 1978 U.S.Code Cong. & Ad.News 5787 at 5799) *reh'g denied,* 714 F.2d 1068 (11th Cir.1983) (reemphasized in *In re Hammonds,* 729 F.2d 1391 (11th Cir.1984) where it held that local public assistance benefits were regular income).

It is difficult, if not impossible, for a court to substantiate a finding that an individual has regular, stable income, just because that individual has a particular occupation; however, one must assume that all courts would consider that certain occupations, such as attorneys, would have such income. Given this presumption and knowing first hand the experiences of a sole practitioner in a private law practice, common sense tells this Court that if attorneys *do* qualify, then most, if not all occupations qualify as well.[14]

### CONCLUSION

After stating that a debtor may convert a case at any time, section 706(a) of the Bankruptcy Code reads, "Any waiver of the right to convert a case under this subsection is unenforceable." 11 U.S.C. § 706(a). The legislative history of section 706(a) "makes clear that Congress intended to encourage such conversions and to give the debtor an absolute one-time right to convert...." *In re Martin,* 880 F.2d 857, 859 (5th Cir.1989). "The policy of the provision is that the debtor should always be given the opportunity to repay his debts." *In re Jennings,* 31 B.R. 378, 380 (Bankr.S.D.Ohio 1983) (quoting House Report No. 95–595, 95th Cong., 1st Sess. 380 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6336.[15]

This Court finds that at this stage of the Debtor's case, nothing is evident to overrule this overwhelming policy in favor of conversion.

It is therefore **ORDERED, ADJUDGED AND DECREED** that:

1. The Debtor's Motion to Convert is **GRANTED**; and,

2. The Objection to Conversion is **OVERRULED**.

---

**14.** Nothing would be added for this Court to list, as many have before, the various occupations which someone believes fall into the regular, stable income category. The annotation, "Who is 'Individual with Regular Income' Eligible to be Chapter 13 Debtor Under §§ 101(24) and 109(e) of Bankruptcy Code of 1978 (11 USCS §§ 101(24), 109(e)), found at 57 ALR Fed. 339, fills whatever void may exist. This piecemeal classification of occupations seems to have few rules and no boundaries and is discretionary, save a higher court's reversal, with bankruptcy courts.

**15.** Mr. Self argues that the Court should not allow the Debtor to pay less than 100 per cent of a debt Mr. Self contends is nondischargeable in a Chapter 7 case, the theory being that a nondischargeable claim holder would be allowed to collect its debt after the Chapter 7 discharge were entered. The Court presumes that Mr. Self will make a similar argument when the Debtor's plan is considered for confirmation.