In re Fred Samuel LOCHAMY, Debtor.

**FRANKLIN FEDERAL BANCORP, FSB, Movant,**

**v.**

**Fred Samuel LOCHAMY, Respondent.**

Bankruptcy No. A95–63763–SWC.

United States Bankruptcy Court, Northern District of Georgia, Atlanta Division.

Dec. 26, 1995.

Dale R.F. Goodman, Goodman & Goodman, P.C., Atlanta, GA, for Debtor/Respondent.

John R. Thornburgh, Wagner & Johnston, P.C., Atlanta, GA, for Movant.

## ORDER

STACEY W. COTTON, Chief Judge.

This matter is before the court on a Motion to Dismiss or Convert filed by Franklin Federal Bancorp, FSB ("movant"). Movant seeks a dismissal or conversion of debtor's case on the ground that he is ineligible to be a debtor under Chapter 13 because his unsecured debt exceeds the $250,000 limit of 11 U.S.C. § 109(e). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) & (L). The court's findings of fact and conclusions of law are set forth hereinafter.

Respondent Fred Samuel Lochamy ("debtor"), was the chief executive officer and a shareholder of American Independent Mortgage, Inc. ("AIM"). On or about July 26, 1994, AIM obtained a loan from movant which was secured by all of AIM's corporate assets. Contemporaneously, debtor, together with two other officers, guaranteed all corporate obligations of AIM to movant.[1] AIM's indebtedness to movant matured on January 31, 1995.

Debtor filed his Chapter 13 petition on March 20, 1995. Movant was listed in debtor's schedules as an unsecured creditor holding a contingent, unliquidated and disputed claim.

On June 8, 1995, movant filed its Motion to Dismiss or Convert debtor's case to Chapter 7 with service upon the Chapter 13 trustee and debtor's counsel. At the confirmation hearing, the trustee and movant's counsel briefly discussed the motion and whether movant's claim was a liquidated claim. The trustee also brought the motion to the attention of debtor's counsel. At the calendar call of the debtor's case, the trustee reported that all objections were withdrawn and recommended confirmation of debtor's plan. Debtor's Chapter 13 plan was confirmed without opposition. The confirmation order was not appealed and is a final order.

Thereafter, movant's Motion to Dismiss or Convert came on for hearing on July 18, 1995. Briefs have been filed and the matter is before the court for determination.

## DISCUSSION

Movant contends that debtor's case should be dismissed or converted to Chapter 7 because debtor is ineligible for relief under Chapter 13 because his unsecured debt exceeds the $250,000 limit under § 109(e). Debtor contends that confirmation of his Chapter 13 plan is res judicata and is therefore binding on movant. Movant has not briefed the res judicata issue.

■ First, the court must determine whether or not eligibility under § 109(e) is jurisdictional. Subject matter jurisdiction cannot be waived or conferred by consent. *Latin American Property & Casualty Ins. Co. v. Hi–Lift Marina*, 887 F.2d 1477, 1479 (11th Cir.1989), citing, *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). It can be raised at any time. However, if eligibility is merely a limitation, it may be waived and res judicata may apply.

■ There is a split among the courts that have considered this question. The minority view holds that Chapter 13 eligibility requirements under § 109(e) are jurisdictional. *In re Koehler*, 62 B.R. 70 (Bankr.D.Neb.1986); *In re Wulf*, 62 B.R. 155 (Bankr.D.Neb.1986) (overruled by 8th Cir. in *Rudd v. Laughlin*, 866 F.2d 1040); *See, also, Ekeke v. United States*, 133 B.R. 450 (S.D.Ill.1991); *In re Kelsey*, 6 B.R. 114 (Bankr.S.D.Tex.1980) and *In re Keziah*, 46 B.R. 551, 554 (Bankr. W.D.N.C.1985); *In re Dobkin*, 12 B.R. 934 (Bankr.N.D.Ill.1981). *See, also, Comprehen-*

---

1. Bankruptcy petitions, case numbers 95–62354, 95–63762 and 95–63874 respectively, have also been filed by AIM and the other two officers, Melissa D. Lochamy and J. Scott Walker.

sive Accounting Corporation v. Pearson (In re Pearson), 773 F.2d 751 (6th Cir.1985). The majority view, however, holds that eligibility is not jurisdictional. The Fifth, Eighth and Ninth Circuits and numerous other courts have concluded that the eligibility requirements of § 109(e) are not jurisdictional. They reason that both the Code's language and structure establish that Congress did not intend the eligibility requirements to be jurisdictional. The Eighth Circuit in *Rudd v. Laughlin*, 866 F.2d 1040, 1041 (8th Cir.1989) held that the filing of a petition under any chapter vests the bankruptcy court with the power and jurisdiction to administer the case in accordance with Title 11 of the United States Code. It stated that, unlike diversity cases, "... the statutes governing the authority of federal courts to hear bankruptcy cases do not limit jurisdiction according to amounts involved." *Id.* at 1042. *See, also, Promenade National Bank v. Phillips (In re Phillips)*, 844 F.2d 230, n. 2 (5th Cir.1988) (eligibility under § 109(g)(2) does not raise an issue of subject matter jurisdiction); *In re Wenberg*, 94 B.R. 631 (9th Cir. BAP 1988), *aff'd*, 902 F.2d 768 (9th Cir.1990) (section 109(e) does not address the bankruptcy court's subject matter jurisdiction, but concerns eligibility of debtors for relief); *United States of America v. Edmonston*, 99 B.R. 995 (E.D.Cal.1989); *Jones v. United States of America, Department of Treasury, IRS (In re Jones)*, 134 B.R. 274 (N.D.Ill.1991); *In re Jarvis*, 78 B.R. 288 (Bankr.D.Or.1987); *In re Tatsis*, 72 B.R. 908 (Bankr.W.D.N.C.1987); *In re Pennypacker*, 115 B.R. 504, 507 (Bankr.E.D.Pa.1990); *In re Toronto*, 165 B.R. 746 (Bankr.D.Conn.1994) and *In re Griggs*, 181 B.R. 111 (Bankr.N.D.Ala.1994). This court agrees with the majority view.

■ Next, the court considers the effect of a Chapter 13 plan confirmation order. Numerous cases hold that the doctrine of res judicata applies as to all justiciable issues which were or could have been decided at the plan confirmation hearing. *See Anaheim Savings & Loan Association v. Evans (In re Evans)*, 30 B.R. 530, 531 (9th Cir. BAP 1983); *Piedmont Trust Bank v. Linkous (In re Linkous)*, 141 B.R. 890 (W.D.Va.1992), *aff'd*, 990 F.2d 160 (4th Cir.1993); *In re Szostek*, 886 F.2d 1405 (3rd Cir.1989); *Stevens v. Baxter (In re Stevens)*, 187 B.R. 48 (Bankr.S.D.Ga.1995); *Green Tree Financial Corp. v. Garrett (In re Garrett)*, 185 B.R. 620 (Bankr.N.D.Ala.1995); *In re Clark*, 172 B.R. 701 (Bankr.S.D.Ga.1994); *In re Eason*, 178 B.R. 908 (Bankr.M.D.Ga.1994). They reason that the doctrine of finality expressed in § 1327(a) makes the doctrine of res judicata applicable to confirmation orders.

Further, a leading bankruptcy treatise interprets the effect of confirmation under § 1327 as follows:

"... the binding effect of a chapter 13 plan extends to any issue actually litigated by the parties and any issue necessarily determined by the confirmation order, including whether the plan complies with sections 1322 and 1325 of the Bankruptcy Code.... a creditor may not after confirmation assert that the plan was not filed in good faith, ... that the creditor should have been paid interest; that the debtor is ineligible for chapter 13 relief; or that the plan is otherwise inconsistent with the Code...."

5 Collier on Bankruptcy, § 1327.01 (5th Ed.1988).

■ Finally, several courts have held that the doctrine of res judicata is applicable to preclude litigation of debtor's eligibility for Chapter 13 relief after confirmation of the debtor's plan. *Jones*, 134 B.R. at 281. *Edmonston*, 99 B.R. at 998 and *In re Jarvis*, 78 B.R. at 289. Both the Code's language and structure establish that Congress did not intend the eligibility requirements to be jurisdictional. Since compliance with the provision of Chapter 13 is a requisite to plan confirmation pursuant to § 1325(a)(1), the issue of eligibility is implicit in the confirmation hearing.

Although the Eleventh Circuit Court of Appeals has not considered this specific issue, it noted in *Russo v. Seidler (In re Seidler)*, 44 F.3d 945 (11th Cir.1995)[2] that

---

**2.** The court concluded that appeal of an order resolving a pre-confirmation challenge of a lien was not precluded under the res judicata doctrine. *See, e.g., Cen–Pen Corporation v. Hanson,*

The effect of plan confirmation, which is controlled by § 1327, may " 'provide a res judicata effect to the terms of the confirmed plan. This effect, however is premised on the notion that the bankruptcy court has addressed in the confirmed plan and order only those issues that are properly within the scope of the confirmation hearing. Issues that were not mature for decision and could not be appropriately resolved in either the confirmation hearing or in the order confirming the plan are not barred.' "

*In re Linkous,* 141 B.R. 890, 898 (W.D.Va. 1992), *aff'd,* 990 F.2d 160 (4th Cir.1993) (citation omitted). While section 1327(a) may have a res judicata effect as to certain issues which were or should have been addressed in the confirmation process, we have found no authority indicating that section 1327 is capable of mooting an appeal of issues not decided within the confirmation order.

*Id.* at 948.

The debtor's eligibility for Chapter 13 relief under § 109(e) is a mature issue within the scope of the Chapter 13 plan confirmation hearing. Therefore, the court concludes that confirmation of a debtor's Chapter 13 plan may be res judicata as to the issue of eligibility under § 109(e).

 Debtor's plan came on for a confirmation hearing on June 13, 1995, only five days after movant's motion was filed. Counsel for movant, the Chapter 13 trustee, and counsel for debtor appeared at the confirmation hearing. They were fully aware of the motion to dismiss or convert. The trustee informed movant's counsel that all objections to plan confirmation had been withdrawn and he would recommend the case for confirmation.[3] (Stipulation of Facts). When debtor's case was called, the trustee announced that all objections were withdrawn and recommended confirmation of debtor's plan as it

met the requirements of Chapter 13. Although movant's counsel was present, he did not raise or call attention to its motion. Section 1325(a) provides that the court "shall confirm a plan" that meets the requirements of that section. Based upon the withdrawal of all objections and the trustee's report and recommendation for confirmation, debtor's plan was confirmed "without receiving evidence on such issues" as authorized by Bankruptcy Rule 3015(f).

Had the motion been raised, the court would have resolved the motion or deferred confirmation. However, movant remained silent and permitted the plan to be confirmed. Thus, movant slept on its rights. "Equity aids the vigilant, not those who slumber on their rights." *Matter of Battle,* 164 B.R. 394, 399 (Bankr.M.D.Ga.1994), *citing, Allred v. Chynoweth,* 990 F.2d 527, 536, n. 6 (10th Cir.1993). *See, also: Jones v. United States of America Department of the Treasury, IRS,* 129 B.R. 1003 (Bankr.N.D.Ill.1991), *aff'd,* 134 B.R. 274 (N.D.Ill.1991). On the face of debtor's petition, he is eligible for Chapter 13 relief. That is all that was before the court at confirmation. Movant has not made any showing or offered any reason for its failure to raise the eligibility issue or preserve its motion at the confirmation hearing. As noted in *In re Jones,* at 1011

" 'The predicament in which respondent finds himself is of his own making. . . . [W]e cannot be expected, for his sole relief, to upset the general and well-established doctrine of *res judicata,* conceived in light of the maxim that the interest of the state requires that there be an end to litigation. . . .' *Reed v. Allen,* 286 U.S. 191 at 198–199 [52 S.Ct. 532 at 533, 76 L.Ed. 1054] ( [1932] )." *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 401–02, 101 S.Ct. 2424, 2429–30, 69 L.Ed.2d 103 (1981). *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). *See*

---

58 F.3d 89 (4th Cir.1995) (holding confirmation cannot have res judicata effect as to the validity of a lien which must be resolved in an adversary proceeding) and *In re Witkowski,* 16 F.3d 739 (7th Cir.1994) (res judicata does not apply to § 1329 modifications).

3. The trustee also advised movant's counsel that his motion would be scheduled later. (Stipulation of Facts, par. 4). Movant does not contend that he was thereby misled or that he relied upon the trustee's remark. The burden was on the movant to assert its objections, including the issue of debtor's eligibility.

*generally,* B. Russell, *Bankruptcy Evidence Manual* §§ 1–3 (1990).

Therefore, the court concludes that movant is precluded from litigating debtor's eligibility after confirmation of the debtor's plan. Accordingly, it is

**ORDERED** that movant's Motion to Dismiss or Convert debtor's Chapter 13 case is **denied.**

IT IS SO ORDERED.